Doe, *ex dem.*, &c., *vs.* Roe, *cas. ejector*, &c.

JOHN DOE, *ex dem.* of WM. P. DEARMOND, *et al.*, plaintiff in error, *vs.* RICHARD ROE, *cas. ejector*, and ISAAC BROOKING, tenant, defendant in error.

When D having the legal title to a lot of land, conveyed it to N, when B was in *adverse* possession thereof: *Held*, that although the deed from D to N was *void*, still the legal title to the land was in D, and that he might maintain an action of ejectment upon that legal title to recover the possession of the land.

Ejectment. Tried before Judge CLARKE. Quitman Superior Court. November Term, 1866.

This action was for lot number seventy-nine in the eighth district of originally Lee, now of said county, upon the several demises of Boswell Cook, William P. Dearmond and William P. Dearmond for the use of John R. M. Neal.

On the trial plaintiff read in evidence the grant for said lot, from the State of Georgia to Boswell Cook, dated 5th November, 1831, and a copy deed from Boswell Cook to William P. Dearmond, conveying said lot, dated 26th September, 1829, recorded June 8th, 1860.

Plaintiff introduced as a witness JOHN M. GREEN, who testified that Isaac Brooking was in possession of said lot when the suit was brought, to-wit: 16th March, 1854, and had been in possession eight or nine years before that date; that Brooking told him, in the Spring of 1852, that "he had no title to the lot and did not claim it as his own, but would give it up to the true owner when he came, that Neal's title was a forgery, and he would not give it up to Neal," that the cleared land was about seventy-five or eighty acres, and worth on an average three dollars per acre *per annum* for rent, from 16th March, 1854, to the time of this trial and Brooking exercised acts of ownership over said lot.

Plaintiff then read the answers of NATHAN R. GILBERT to interrogatories, as follows : I know Neal and Brooking, but none of the other parties; and know the lot in dispute, and have known it fifteen years or longer. Isaac Brooking is now (17th May, 1861), in possession of said lot, and went

into possession about 1845. I heard Brooking say he had no right or claim to the lot, and would give possession when the proper owner demanded it. I think this conversation was in 1850. John Scroggins was present. Brooking was in possession in 1854. There are about fifty or sixty acres of cleared land, I suppose, on the lot, and they are worth two dollars and a half per acre for rent *per annum.*

Plaintiff next read the answers of WILLIAM E. ATKINSON to interrogatories. He answered that he knew Brooking was a squatter or intruder on said lot, and had heard Brooking say that he had no title to the land.

Plaintiff read the answers of JOHN T. SCROGGINS to interrogatories. He testified that he knew the lot in dispute, and for several years lived on the adjoining lot, that Brooking had no title to said lot up to January, 1848. Witness considered him a squatter or intruder. Witness made two unavailing trips in search of the drawer to buy the lot. It was understood by witness and Brooking, that if witness succeeded in getting the lot, Brooking was to have all of it lying North of the Holannee, and witness all on the South side. Brooking disclaimed having any title to it, etc.

Here plaintiff rested his case.

Defendant had plead former recovery and the Statute of Limitations.

Defendant read in evidence a deed from Wm. P. Dearmond to John R. M. Neal for said lot, (drawn from Neal's possession,) dated 29th August, 1850, and recorded 12th September, 1850.

Defendant then read in evidence the original declaration, (in Jones' Forms,) process, verdict and judgment in the case of John R. M. Neal *vs.* Isaac Brooking for said land, sued to October Term, 1850, of Randolph Superior Court, and verdict and judgment for the defendant in April, 1855.

Defendant read the answers of ISAAC NEWELL, WILLIAM V. KERR and JOHN MANN to interrogatories, taken 29th October, 1858, who testified that they lived in Richmond county at the date of said deed, and long before and after, had held county offices therein, etc., were well acquainted in

Augusta and vicinity, and knew no such man in the county or elsewhere as Boswell Cook.

Defendant offered in evidence the certificate of BENJAMIN F. HALL, Clerk of the Inferior Court of Richmond county, dated 5th September, 1858, which stated that he had examamined the Tax Digests of said county, (the originals of which were of file in his office,) from 1820 to 1827 inclusive, and that the name Boswell Cook does not appear on any of said books.

So much of said certificate was read over the objection of plaintiff's attorney. It was objected to as being irrelevant.

Defendant closed.

Plaintiff in rebuttal offered to read the answers of JONATHAN C. FENTRESS, the foreman of the jury which tried the case of Neal *vs.* Brooking, the proceedings of which defendant had read in evidence. The Judge rejected said evidence as irrelevant.

The questions and answers were as follows :

INTERROGATORY : Please look on the annexed declaration and say whether or not the verdict thereon is signed by you, whether or not you were on the jury that tried the case and rendered the verdict thereon ? If you were on said jury, state upon what grounds the verdict was rendered. State whether or not it was rendered upon the title being in the defendant, or for what reason it was given.

ANSWER : The verdict on the annexed declaration was signed by me as foreman of the jury. I was on the jury that tried the case and rendered the verdict thereon. The grounds was on the evidence of adverse possession and a charge of the Court upon the Statute of 8th Henry, making Neal's title void. It was not upon the title being in the defendant.

Plaintiff then proposed to prove by ARTHUR HOOD that he was counsel in said case of Neal *vs.* Brookings, was present at the trial, heard the evidence and charge of the Court, that one of the matters in issue was the adverse possession of Brooking at the time the deed was made by Dearmond to Neal, that the Judge charged the jury that if they

believed from the evidence that Brooking was in possession of the lot in dispute and claiming it as his own, at the date of the deed, then the deed from Dearmond to Neal was void, and the jury must find for the defendant. The Court refused to allow said testimony introduced, as he certifies, because of irrelevancy.

Plaintiff then read in evidence an agreement of R. C. Carithers, defendant's attorney, and A. Hood, plaintiff's attorney, as to a motion for a new trial in the case of Neal *vs.* Brooking aforesaid. What this agreement was does not appear in the record.

The evidence here closed.

The verdict was for the defendant.

Afterwards, the plaintiff in error moved for a new trial on the following grounds :

Because the verdict was contrary to law and contrary to evidence.

1st. Because the Court erred in rejecting the Fentress interrogatories.

2d. Because the Court refused to charge, as requested, in writing, that negative testimony of witnesses that they were well acquainted in Richmond county, and did not know Boswell Cook, would not outweigh and set aside the grant from the State to Boswell Cook for the lot of land in dispute.

3d. Because the Court erred in refusing to charge, when asked by plaintiff's counsel, that by the decision of the Supreme Court, the statute of 32d Henry, 8th, against the purchase of land while there was an adverse claimant in possession, rendering the deed void, was of force when the verdict was rendered in 1855 in the case of Neal *vs.* Brooking, and if the jury believe from the evidence that Brooking was in adverse possession when the deed was made from Dearmond to Neal, claiming title that the deed was void, and if so void, the judgment in that case was not a bar in this.

4th. Because the Court erred in charging the jury that if the title was shown out of Cook into Dearmond, the plaintiff

could not recover on the demise from Cook; and if the title was shown out of Dearmond into Neal, they could not find on the demise from Dearmond; and if the title was shown to be in Neal, then the plaintiff could not recover, if they believed there was a verdict for Brooking in the statutory action of Neal *vs.* Brooking, after the date of the deed of Dearmond to Neal.

5th. Because the Court erred in permitting counsel to read to the jury as evidence the certificate of B. F. Hall, against the objection of plaintiff's counsel.

The Court charged and refused to charge as set forth in said motion. He says, in his certificate, that he refused the charge in the 2d ground because he understood defendant did not insist that Cook never lived in Richmond county or that his deed was a forgery, and the charge in 4th ground, because he thought there was no evidence to support such charge. The Court refused the new trial, and plaintiff in error excepted, and assigns said refusal as error.

A. Hood, W. D. Kiddoo, for plaintiff in error.

E. L. Douglass, for defendant in error.

Warner, C. J.

The main, and controlling question, in this case, is whether the plaintiff can recover on his demise from Dearmond, in view of the facts disclosed by the record. There are three demises in the plaintiff's declaration—one from Boswell Cook, one from William P. Dearmond, and one from William P. Dearmond for the use of Neal. The plaintiff read in evidence a grant from the State to Boswell Cook, and a deed from Cook, the drawer of the lot of land in dispute, to Dearmond, dated 26th September, 1829. The defendant read in evidence a deed from Dearmond to Neal, dated 29th August, 1850, conveying to him the lot of land in controversy. At the time of the execution of the deed from Dearmond to Neal, Isaac Brookings was in possession of the lot of land. The deed from Dearmond to Neal being *void*, on

the ground of Brooking's *adverse* possession at the time it was executed, can the plaintiff recover the possession of the land, on his demise from Dearmond ? This is *the* question in the case.

This case has already been before this Court for error assigned to the rulings of the Court below twice—Brooking *vs.* Dearmond, 27th Ga. Rep., 58, and Doe, *ex dem.* Dearmond, 30th Ga. Rep., 632. The decisions of this Court upon the question now involved in the case, are in direct conflict, as we understand them ; that is to say, upon the question, whether the plaintiff can recover the land upon the demise of Dearmond, provided the deed from Dearmond to Neal is *void.* In the case of Brooking *vs.* Dearmond, this Court say : "Now, if the charge had been, that, although Dearmond having the title in him, had conveyed to Neal, yet Dearmond ought nevertheless to recover, provided the conveyance to Neal was, on some account, *void,* the charge would have been right : that is, it would, if authorized by the evidence, for, in that case, the conveyance to Neal being *void,* would count for nothing, and the *entire title would be in Dearmond.*" Again, in discussing the effect of the judgment in the former suit, this Court said : "What the judgment in the former suit said, was, that Neal was not entitled to the land ; but this was not saying that Dearmond might not be entitled to it. No ; it was not saying so, even if Neal was claiming under Dearmond, for it might have been that his deed from Dearmond was, for some cause, *void,* in which case his failure to recover would not only be entirely consistent with Dearmond's having the title, * * * * the *void deed* never having had *efficacy to draw the title out of Dearmond.*" What we understand from the decision of the Court in that case, is, that although the deed from Dearmond to Neal may have been *void,* yet the plaintiff could recover on his demise from Dearmond, the void deed to Neal never having had *efficacy* to draw the title to the land out of Dearmond. When this case came before this Court the second time, Doe, *ex dem.,* Dearmond *vs.* Roe, *et al.,* after stating the facts of the case, the Court say : "On these facts the plaintiff was not entitled to a verdict.

Not on the demise from Dearmond, because the deed from him to Neal *conveyed the legal title out of him.* Nor on the demise from Neal, because the judgment recovered in the former suit barred his right to recover. Nor on the demise from Dearmond for the use 'of Neal, because the deed to Neal *conveyed the equitable as well as the legal title to Neal.*" This last decision of the Court, as we understand it, is to the effect that the plaintiff cannot recover on the demise from Dearmond, although the deed from Dearmond to Neal may have been *void.* In this last case, the Court bases its judgment upon the idea that the deed from Dearmond to Neal conveyed the title to the land *out of Dearmond,* the plaintiff's lessor.

In consequence of these conflicting views of the Court, heretofore expressed, upon the facts of this case, we have felt some degree of embarrassment. The Court below charged the jury, that "if the title was shewn out of Dearmond into Neal, they could not find on the demise from Dearmond." According to the law, as we understand it, applicable to the facts of this case, the charge of the Court to the jury was error. As the deed from Dearmond to Neal was executed at the time of the *adverse* possession of the land by Brooking, it was *void,* and the *legal title* to the land remained in Dearmond, so as to enable him to maintain an action of ejectment upon it, and that such *void* deed cannot be set up by the defendant to the prejudice of that title. The legal title to the land was in Dearmond, the plaintiff's lessor, and the *void deed* to Neal did not pass or convey that legal title out of him. In the case of Williams *vs.* Jackson, (5th John. Rep., 4, 9,) it was held, that "if a person out of possession conveys land, held *adversely* by another, such conveyance is void : but the title remains in the grantor, so as to enable him to maintain ejectment." Brinly *vs.* Whiting, 5th Pickering's Rep., 347, to the same point. The title of Dearmond has not been adjudicated in the Court below, and the former recovery, as to the title of *other parties,* cannot affect *his* title to the land.

Let the judgment of the Court below be reversed.