## THOMAS MURRAY v. ROLANDUS ROMINE.

FILED APRIL 4, 1900. No. 9,196.

1. **Ejectment: ADVERSE POSSESSION: GENERAL DENIAL.** In ejectment, proof of adverse possession is admissible under a general denial.

2. **Limitation: EVIDENCE.** A verdict based upon evidence sufficient to establish a holding of possession of property adversely, openly, notoriously, exclusively and continuously for a period exceeding ten years prior to the commencement of an action, under a claim of right, will not be disturbed, although the evidence introduced to establish such fact may not be inconsistent with a holding under a claim other than that of title.

3. ———: ———: **Two ESTATES CONNECTED AND CONTINUOUS.** Possession of one occupant may be tacked to that of another, if one acquired possession from the other, and the possessory estates are connected and continuous.

4. ———: ———: **COLOR OF TITLE.** Color of title is not essential to adverse possession.

5. ———: ———: **VERBAL TRANSFER.** The right of one person holding possession adversely may be transferred to another verbally.

6. ———: ———: **INSTRUCTIONS.** Instructions examined, and *held* to have been properly given.

ERROR to the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*I. J. Dunn,* for plaintiff in error:

It is well settled that the objection that the action is barred by the statute of limitations, must be ·raised either by demurrer or answer, or it will be waived. *Sturges v. Burton,* 8 Ohio St., 215; *McKinney v. McKinney,* 8 Ohio St., 423.

If the facts upon which the statute of limitations is predicated do not appear in the petition, but such plea is

interposed as a defense, the time when the statute began to run must be definitely stated; and a mere allegation that the action is barred is not sufficient.

*T. J. Mahoney,* also for plaintiff in error.

*Wright & Thomas, contra:*

Color of title not necessary. To defeat ejectment, possession adverse, open, notorious, exclusive and continuous is sufficient. *Gatling v. Lane,* 17 Nebr., 77; *Haywood v. Thomas,* 17 Nebr., 237; *Omaha & R. V. R. Co. v. Rickards,* 38 Nebr., 847.

Possession may be transferred orally. No deed is required, and no color of title. The possession can be tacked. *Weber v. Anderson,* 73 Ill., 439; *Smith v. Chapin,* 31 Conn., 530; *Chilton v. Wilson's Heirs,* 9 Humph. [Tenn.], 399; *Overfield v. Christie,* 7 Serg. & Raw. [Pa.], 173; *Paine v. Skinner,* 8 Ohio, 159; *Yetzer v. Thoman,* 17 Ohio St., 130; *Menkens v. Blumenthal,* 27 Mo., 198; *Cunningham v. Patton,* 6 Barr [Pa.], 355; *Marr v. Gilliam,* 1 Cold. [Tenn.], 511.

*E. C. Page,* also for defendant in error.

NORVAL, C. J.

This action is one of ejectment commenced in the district court of Douglas county by Thomas Murray against Rolandus Romine to contest the title to certain lands situate in that county. The petition contained the averments usual in actions of that nature. The answer was a general denial of the allegations of the petition; and, on the trial, defendant was permitted to introduce evidence over the objections of plaintiff tending to prove adverse possession for a term exceeding ten years.

It appears from the evidence that more than ten years prior to the commencement of the action, one H. M. Gillespie entered upon the tract in controversy, which is adapted exclusively for grazing. For one or two years he herded cattle upon it, and afterwards

fenced a portion thereof, and, during the time of his occupancy, pastured cattle on it in the grass season, cut hay from some portions, and excluded all others therefrom. Afterwards, for a valuable consideration, he transferred his possession to the defendant, also selling him the fence. Defendant, ever since, has occupied the land as his own, inclosed it and other land with a fence, except on one side thereof, which abuts upon the Platte river, the latter acting as a bar to the ingress or egress of persons or stock. The agreement by which the possession of Gillespie was transferred to defendant was oral. To complete the bar of the statute, it was necessary to tack the possession of Gillespie to that of defendant. There was a verdict and judgment for the latter, from which judgment plaintiff comes to this court on petition in error. Several errors are alleged, which will be noticed so far as it is considered necessary to a proper decision of the cause.

It is claimed that the court erred in permitting evidence of defendant tending to prove adverse possession without having pleaded the statute of limitations. Generally, the statute, to be available as a defense, must be pleaded, but an exception to this rule occurs in cases of ejectment, the reason for which is set forth in the case of *Staley v. Housel*, 35 Nebr., 160, it being there held that any defense is available under a general denial in an action of ejectment. Under the rule as there stated, it was not necessary that the statute be pleaded, hence no error occurred in permitting evidence of adverse possession to be introduced under the general denial contained in the answer.

It is also claimed that the defense of adverse possession was not established on the trial. We do not deem it necessary to review the evidence, but it is sufficient to say that it discloses that Gillespie, for some years prior to the time he transferred possession to the defendant, was in the actual, open, notorious and exclusive possession of the land; that in one way or another he occupied

it, either by herding cattle thereon, or by cutting grass upon it and fencing a portion of the tract, and did so adversely occupy it to the exclusion of all others. This was certainly evidence of adverse possession sufficient, if believed by the jury, to establish a claim of ownership in Gillespie, although it would not have been inconsistent with his holding the land under a claim of a different nature than that of ownership. The same may be said of the holding of the defendant from the time the possession was transferred to him. There was sufficient evidence of adverse possession to go to the jury, and as the weight thereof was for the triers of fact, we are not disposed to disturb the verdict. *Lantry v. Parker*, 37 Nebr., 353. It is also urged that, as defendant claims to have obtained from Gillespie the possession, the holding under the latter can not be tacked to that of defendant to make the term of holding sufficient as a defense to the cause of action of the plaintiff. We are persuaded that, at the time the transfer was made, the possession was all that Gillespie had, or that any one holding under the claim of right by adverse possession could have, until the lapse of the statutory period, so that by the transfer of the possession of Gillespie to defendant, the latter was entitled to tack the rights of the former to those of his own after such transfer, as the holding by the two was continuous, connected and uninterrupted. *Stettnische v. Lamb*, 18 Nebr., 619; *Lantry v. Wolff*, 49 Nebr., 374. Nor is it necessary that the holding of either Gillespie or defendant should have been under color of title, as has been decided by this court a number of times. *Gatling v. Lane*, 17 Nebr., 77; *Haywood v. Thomas*, 17 Nebr., 237; *Omaha & R. V. R. Co. v. Rickards*, 38 Nebr., 847; *Webb v. Thiele*, 56 Nebr., 752; *McAllister v. Beymer*, 54 Nebr., 247; *Lewon v. Heath*, 53 Nebr., 707. Nor was it necessary that the transfer of possession by Gillespie to defendant should have been in writing. *Lantry v. Wolff, supra; McNeely v. Langan*, 22 Ohio St., 32. The latter case is cited by this court in *Stettnische v. Lamb, supra.*

11

Numerous objections are urged to the instructions, mainly based upon the theory that in order to show adverse possession, defendant must have pleaded the statute of limitations. It has been heretofore shown that this defense is available in actions of ejectment without such plea. In other respects complained of, an examination of the instructions convinces the court that they stated the law fairly and clearly, and that no error occurred in giving any of them.

No reversible error having occurred on the trial, the judgment of the lower court is

AFFIRMED.