CHILTON v. DIETRICH *et al.*

No. 3832.   Opinion Filed April 13, 1915.

Rehearing Denied June 1, 1915.

(148 Pac. 1045.)

1. CHAMPERTY AND MAINTENANCE—Conveyance of Land Held Adversely—Validity. Wilson's Rev. & Ann. Statutes of 1903, sec. 2112 (Compiled Laws 1909, sec. 2215), making a misdemeanor the buying or selling of a pretended right or title to land where the grantor or those by whom he claims have not been in possession or taken rents and profits thereof for one year before such conveyance is declaratory of the common law, and a conveyance of land made in contravention of said statute even by the rightful owner of the land as against the person or persons holding adversely is a nullity and void.

2. CHAMPERTY AND MAINTENANCE—Conveyance of Land Held Adversely—Extent of Adverse Occupancy. Where one holds adversely under color of title, the adverse occupancy embraces all the land included within the boundaries named in the occupant's deed, and he cannot be ejected by a person holding a

deed in contravention of the above statute, for the reason said deed is void against a person or persons holding adversely.

(Syllabus by Brett, C.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by Matt Chilton against Lotsee B. Dietrich and another. Judgment for defendant, and plaintiff brings error. Affirmed.

· Joseph Chandler, a Comanche Indian, a member of the Kiowa-Apache and Comanche Indians, was allotted the land in controversy, consisting of 320 acres, under the Medicine Lodge Treaty of 1866 or 1867 and of June, 1900. Said land was patented to said Joseph Chandler and his heirs December 21, 1904, pursuant to an act of Congress approved April 21, 1904, which act of Congress removed all restrictions as to the sale, incumbrance, and taxation of said land. Joseph Chandler died in 1872, leaving as his sole heirs to said land Joseph B. Chandler, Solomon B. Chandler, Lotsee B. Dietrich, and George Chandler.

In 1902 all of the heirs above named were of age, and entered into an oral partition of said land, and each by mutual agreement was assigned 80 acres of said land, and each understood what particular 80 was assigned to him or her under the terms of said oral partition; and immediately following the partition of said land each took possession of the land assigned and partitioned to them. On October 15, 1902, and subsequent to said oral partition, Solomon B. Chandler, for a consideration of $200, executed a quitclaim deed to Lotsee B. Dietrich to his 80, which was recorded August 19, 1907. George Chandler also deeded his 80 to Lotsee B. Dietrich January 23, 1903, which was also recorded August 19, 1907. And she claims 240 acres of said land by reason of the 80 acres assigned to her under the oral partition and the deeds from the two heirs Solomon B. Chandler and George Chandler. On October 19, 1904, and subsequent to the issuance of the patent, George Chandler

and Joseph B. Chandler executed a deed to Lotsee B. Dietrich to the 240 acres now claimed by her, to complete the oral partition of 1902, but Solomon B. Chandler did not join in this deed.

Lotsee B. Dietrich and Joseph B. Chandler remained in possession and control of the 320 acres of land, Lotsee B. Dietrich having possession and control of 240 acres, and Joseph B. Chandler of 80 acres; Lotsee B. Dietrich renting the 240 acres held by her, and collecting the rents and profits each year subsequent to 1903, and Joseph B. Chandler occupying and controlling the rents and profits of his 80, without any one making any claim to any part of said land until August 19, 1907, when the plaintiff, Matt Chilton, obtained a deed from Solomon B. Chandler, and asserted ownership to an undivided one-fourth of said land by virtue of said deed.

In February, 1909, Joseph B. Chandler sold his 80 acres to the defendant A. Reeves, who was then cultivating said 80 acres of land, and was then in possession of the 80 acres, and has ever since continued in possession of same.

On the 28th day of December, 1910, plaintiff in error, Matt Chilton, filed his action in the district court of Grady county to partition said 320 acres of land, claiming a one-fourth undivided interest in the land and one-fourth of the rents and profits for the years 1907, 1908, 1909 and 1910.

*Bond & Melton,* for plaintiff in error.

*McKnight & Heskett,* for defendant in error Lotsee B. Dietrich.

*Welborne & McCalla,* for defendant in error A. Reeves.

BRETT, C. (after stating the facts as above). This is an action by the plaintiff in error, Matt Chilton, who was plaintiff below, against the defendants in error, Lotsee B. Dietrich and A. Reeves, who were defendants below, to partition the east half of the north-east quarter of section 33, and the north-west quarter of sec-

tion 34, and the west half of the north-east quarter of section 34, township 5, north, range 18 west, and for one-fourth of the rents and profits for the years 1907, 1908, 1909, and 1910, and for possession of that portion of the land partitioned to the plaintiff, basing his right to the one-fourth interest of said land upon the deed executed to him by Solomon B. Chandler August 19, 1907. The case was tried to the court without a jury on the 20th day of October, 1911, and judgment against the plaintiff was rendered on the 14th day of December, 1911. From this judgment plaintiff appeals to the Supreme Court of Oklahoma.

There are a number of assignments of error, and both plaintiff and defendants have submitted able and extensive briefs, but we think the decisive and only question which this court need pass upon is whether or not the deed from Solomon B. Chandler to the plaintiff in error, Matt Chilton, is, under the facts in this case, valid as against the defendants in error, Lotsee B. Dietrich and A. Reeves. It is our opinion that it is not.

The statute of Oklahoma (Wilson's Revised & Ann. Statutes 1903, sec. 2112; Compiled Laws of 1909, sec. 2215) is as follows:

"Every person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

Our court has construed this statute a number of times, and in every instance where it has been construed has held that a conveyance of real estate made in contravention of this statute, even by the rightful owner as against the person holding adversely, is void. *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A.

(N. S.) 721; *Powers v. Van Dyke,* 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; *Martin v. Cox,* 31 Okla. 543, 122 Pac. 511.

In the case at bar the trial court finds that the defendants in error were holding the lands in controversy under color of title and adversely to all claims of Solomon B. Chandler, and had so held said lands at all times subsequent to the year 1904, and we think this finding is supported by an abundance of evidence. In fact, we think the evidence clearly shows that Lotsee B. Dietrich and Joseph B. Chandler and his grantee have been in possession of this real estate, and having taken the rents and profits thereof since January, 1903.

In *Martin v. Cox et al.,* 31 Okla. 543, 122 Pac. 511, the court says:

"Where one enters and takes possession of lands with the intention of holding them, and holds them for himself to the exclusion of all others, his possession is adverse. *Carpenter v. Cole,* 75 Minn. 9, 77 N. W. 424; *Murray v. Romine,* 60 Neb. 94, 82 N. W. 318. When such possession is accompanied by facts which appear to vest in the occupant title, but, in fact, do not, it is an adverse possession with color of title. The only difference in the effect of adverse occupancy under color of title and adverse occupancy without color of title is that in the former case the possession may by construction embrace all the lands included within the boundaries named in the occupant's deed; whereas in the latter case it will embrace only so much as is actually occupied by the adverse holder. *Sumner v. Blackslee,* 59 N. H. 242, 47 Am. Rep. 196; *Gildehaus v. Whiting,* 39 Kan. 706, 18 Pac. 916; *Roots v. Beck,* 109 Ind. 472, 9 N. E. 698."

The color of title under which the defendants in this action hold possession and occupy said land embraces the entire 320 acres, leaving no part of same from which the defendants could be ejected by the plaintiff in error. Besides, all of said 320 acres appears to have been continuously occupied by defendants in error since 1903.

In *Powers et al. v. Van Dyke et al.,* 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96, our court states that the purpose of the statute is:

"To prevent the transfer of disputed titles and compel their settlement between the original parties. 'Where the doctrine prevails, deeds executed in violation thereof are, without exception, held to be void as between the grantor and those holding adversely and their successor."

Such seems to be the general holding of the courts in line with which is *Huston v. Scott et al.,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, and the cases therein cited.

We are not passing upon the validity of the deed from Solomon B. Chandler to Lotsee B. Dietrich or the oral partition, but upon the question as to the validity of the deed from Solomon B. Chandler to the plaintiff in error, Matt Chilton, as against the defendants in error in this case, who hold said lands under color of title and adversely to the claims of Solomon B. Chandler, and had so held at all times subsequent to 1903.

Our court; in *Huston v. Scott et al.,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, quotes with approval from a New York case, *Livingston v. Proseus,* 2 Hill (N. Y.) 526, as follows:

"A deed of lands held adversely to the grantor is utterly void as against the person thus holding and other afterwards coming in under him; but, in respect to all the rest of the world, it is operative, and passes the grantor's title.' * * * 'The whole apparent difficulty arises from an inaccurate statement of the consequence which results from the adverse holding at the time the deed is executed. It is often said in the books, without any qualification, that the deed is void. But that is only true in relation to the person holding adversely and those who afterwards come in under him. As to all the rest of the world the deed is valid, and passes the title from the grantor to the grantee. This, I think, is sufficiently established by the cases already mentioned, and the authorities on which they rest. The deed is void as against the party

who might otherwise be injured; but is good as to all others. * * * But, as against the person holding adversely, the deed is utterly void—a mere nullity.' *Farnum v. Peterson,* 111 Mass. 148; *Wade v. Lindsey,* 6 Metc. (Mass.) 407; *Cleveland v. Flagg,* 4 Cush. (Mass.) 76; *McMahan v. Bowe,* 114 Mass. 140, 19 Am. Rep. 321; * * * *Dearmond v. Roe,* 37 Ga.. 5."

It therefore being found that Lotsee B. Dietrich and Joseph B. Chandler and his grantee, A. Reeves, one of the defendants in this action, were holding said lands under color of title and adversely to the claim of Solomon B. Chandler, the grantor of the plaintiff in error, and had been since 1903, said deed is invalid and void as against the defendants in this action.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.