## SETTERSTROM et al. v. PHELAN.

No. 27902.    April 12, 1938.

Twyford & Smith and William J. Crowe, for plaintiffs in error.

I. L. Harris, Robert J. Keevan, and Ted R. Elliott, for defendant in error.

WELCH, J. On May 21, 1931, the defendant in error, Marie Phelan, began an action in the district court of Oklahoma county against Paul Setterstrom and O. L. Setterstrom to quiet title to lots 1 and 2 in block 11, Lawrence Place addition to Oklahoma City, Okla. The parties will be hereinafter referred to as they appeared in the trial court.

On July 7, 1931, the defendants filed an answer and cross-petition in which they stated that they claimed the property in controversy by virtue of a warranty deed from E. L. Lawrence and others, executed May 12, 1909. That on May 28, 1931, they executed a deed to M. C. Kelley conveying an undivided one-half interest in said property, and that they defend and seek affirmative relief for him. That plaintiff's claim to said premises is based on a certain resale tax deed, dated June 16, 1924; that said tax deed is void, and that the title of defendants and their grantee, M. C. Kelley, in said property should be quieted against the plaintiff.

Thereafter, in reply to the answer and cross-petition of the defendants, the plaintiff made a general denial and alleged that the deed executed by defendants to M. C. Kelley was champertous and void and urged the statute of limitations.

During the trial, which began on April 4, 1936. the plaintiff introduced in evidence the resale tax deed referred to in the pleadings and also a quitclaim deed to the property involved, executed by the defendants Setterstrom to the plaintiff on April 19, 1933. Thereupon the defendants requested and were permitted to amend their answer and cross-petition to allege that the parties agreed to a conveyance of an undivided half interest in the property, and to pray that the deed be reformed on the ground of mutual mistake. Thereafter M. C. Kelley appeared and adopted the pleadings of the defendants Setterstrom as his own.

Upon the issues so joined, the cause was heard upon the evidence. The trial court found the issues in favor of the plaintiff and rendered judgment quieting plaintiff's title in the property involved. The defendants, the Setterstroms and Kelley, bring this appeal. They make seven assignments of error, which are presented under three propositions:

(1) The claimed possession of the plaintiff was insufficient to void the deed from Setterstroms to Kelley as champertous.

(2) The undisputed evidence justifies a reformation of the quitclaim from Setterstrom to plaintiff.

(3) The tax deed of plaintiff is void.

Upon an adverse determination of propositions 1 and 2, the plaintiff having purchased the interest of the original owner, the validity of the tax deed becomes immaterial.

In the case of Davis v. Manhard. 172 Okla. 85, 45 P.2d 1095, this court, in the syllabus said:

"A deed by a grantor out of possession of real property who has not been in possession for a year next preceding date of conveyance, or has not within a year taken rents and profits, or those under whom he claims, is void as against any person or persons in adverse possession.

"Where the holder of the legal title to real estate, who is out of possession. conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee, and the person in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title, from the original owner. for the purpose of perfecting his title after said owner has attempted to convey said property to another, as said attempted conveyance is champertous."

The record discloses that John T. Phelan received a resale tax deed to the property in controversy in 1924, and thereafter executed a deed to said property to one Mahoney, who thereafter executed a deed to plaintiff; that J. R. Phelan, as agent of John T. Phelan, and of each successive claimant of title under the tax deed, including the plaintiff, paid the taxes on the property each year · since 1924; that said agent leased said premises, which consisted of unimproved lots, to various persons for each of the years from 1925 to 1936; that of these various lessees some put in crops, some had cows and hogs on the lots, and some had gardens; that each lessee paid a consideration for the lease of the property, and that said agent collected rents from the property during the year previous to the time that defendant Kelley received a deed from defendants Setterstrom in 1931.

The record further discloses that defendants Setterstrom abandoned the property prior to 1924; that they paid no taxes on the property nor collected or attempted to collect any rent or profit from the premises; that defendant Kelley has never been in possession.

In this discussion of plaintiff's possession as successor in interest under the tax deed, it is not necessary to determine the validity of the tax deed; suffice to say that said tax deed purported to convey title; that it constituted color of title and supported claim of ownership.

In the case of Davis v. Manhard, supra, it was said:

"Adverse possession has been defined by this court to mean:

" '* * * Open, continuous, and exclusive with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.' Caldwell v. Scivally, 118 Okla. 1, 246 P. 879.

"In Flesher v. Callahan et al., 32 Okla. 283, 122 P. 489, the opinion being written by Mr. Justice Sharp, the court therein said:

" 'To bring the case within the prohibition of the statute construed in the foregoing opinions, what proof, then, is there of an adverse holding, whether under color of title or not? * * *

" 'Possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership.'

"This definition of adverse possession is that adopted by the Supreme Court of the United States. Sharon v. Tucker, 144 U. S. 533, 36 L. Ed. 532."

The facts, as disclosed by the record in this case, fully support the findings by the trial court that plaintiff was in adverse possession of the property at the time defendants Setterstrom executed the deed to defendant Kelley, and that defendants Setterstrom had not been in possession for a year next preceding the date of conveyance and had not within a year taken rents and profits therefrom.

As noted above, the defendants, by amendment to their cross-petition, prayed that the quitclaim deed from defendants Setterstrom to plaintiff be reformed on the grounds of mutual mistake. It is here contended that the undisputed evidence justifies a reformation.

The record discloses that the wording of the instrument is clear and unambiguous and in unmistakable terms conveys all the rights, title, and interest of the defendants Setterstrom. The agent of the plaintiff, with the deed already prepared, approached the defendants Setterstrom and proposed to purchase their right, title, and interest in the property. The Setterstroms examined the deed and signed it, although they say they informed the agent of plaintiff at the time that their interest was only a one-half interest, that they had previously conveyed a one-half interest to Kelley.

The defendants urge that our former opinion in the case of Newbern v. Gould, 162 Okla. 82, 19 P.2d 157, supports their claim for reformation of the deed. In that case, in the body of the opinion, citing 53 C. J. 962, the court said:

"Under a sufficient showing of mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, if by such mistake an estate or interest intended to be conveyed is enlarged, curtailed, or vests in a different manner from what the parties intended, the deed will be corrected, and the omission of a reservation will be righted."

The record here does not disclose that plaintiff or plaintiff's agent made any false representations in the procurement of the deed, or that defendants were injured or suffered damages because of any representation made by plaintiff. We find no evidence of fraud or inequitable conduct.

In the case of Critchlow et al. v. Bacon, 142 Okla. 168, 285 P. 968, in the first paragraph of the syllabus this court held:

"In order to justify a reformation of a deed, the evidence must be full, clear and unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy."

Conceding that there was a mistake on one side, we think, under the record herein, that the trial court properly found that there is no sufficient showing of mutual mistake to justify a reformation of the quitclaim deed executed by the defendants Setterstrom to the plaintiff.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.