Eddie COX, Plaintiff in Error,

v.

Conner O. MONTGOMERY, W. R. Holland, Ross Kennedy, Willard Callicoat and Mildred Callicoat, Defendants in Error.

No. 36132.

Supreme Court of Oklahoma.

April 12, 1955.

Appeal from District Court of Atoka County; Lavern Fishel, Judge.

Action by Conner O. Montgomery, W. R. Holland and Ross Kennedy against Eddie Cox, Louise Cox, Browning Adams, Jeff Case, County Treasurer of Atoka County, Oklahoma, and the Board of County Commissioners of Atoka County, Oklahoma, and Winnie Selsor, the defendants. Willard Callicoat was made a party defendant on

the motion of the defendant, Eddie Cox. Eddie Cox filed an answer and cross-petition to quiet title against the plaintiffs and Willard Callicoat. From a judgment for plaintiffs and Callicoat, Eddie Cox appealed. Affirmed.

King & Wadlington, Ada, Mathers & Mathers, Coalgate, for plaintiff in error.

Paul & Montgomery, Durant, for defendants in error.

HALLEY, Justice.

The parties will be referred to as they appeared in the trial court. In this proceeding plaintiffs sought to quiet title to a tract of land consisting of 200 acres situated in Atoka County, Oklahoma.

Plaintiffs deraign their title to the land in the following manner; that on the 14th day of May, 1947, the then County Treasurer of Atoka County, executed a Treasurer's Resale Deed to Willard Callicoat, which deed was recorded on the 15th day of May, 1947; that on the 11th day of January, 1951, said Willard Callicoat and wife executed a quitclaim deed conveying said land to the plaintiffs; that on November 18, 1950, the former owner of the land, Winnie Selsor, executed a quitclaim deed conveying the land here involved to the defendant, Eddie Cox, and that said deed was recorded on November 22, 1950.

Under general allegations plaintiffs pleaded that they are in possession of the land and seek to quiet their title thereto as against all named defendants, and for a decree canceling all taxes assessed against said land prior to May 15, 1947.

The defendant, Eddie Cox, was served with summons in the action on February 13, 1951. Thereafter, and on the 12th day of August, 1952, he filed his answer and cross-petition wherein he (a) denied that plaintiffs were in possession of the land; (b) alleged that he had been in possession of the land since 1950; and (c) alleged that he acquired title to said land under a quitclaim deed executed by Winnie Selsor, the former owner of said land, under date of November 18, 1950.

Pleading further he admits that plaintiffs' claim of title is based upon a tax deed executed by the County Treasurer of Atoka County, Oklahoma, to one Willard Callicoat on the 14th day of May, 1947, which deed was recorded on the 15th day of May, 1947. He further alleges that the said tax deed is void upon the following grounds:

(1) That the land was advertised and sold for a sum in excess of taxes due and delinquent.

(2) That the resale of said land by the County Treasurer purportedly covered the year 1922, and the years 1924 to 1946, inclusive, and that the listing of the land for taxation for one of said years was without notice to the then owner of the land.

(3) That the said land was not assessed for several years, and that when the then owner thereof made an inquiry as to any taxes due thereon she was advised by the County Treasurer that no taxes were then due on the land; that thereafter the land was assessed for taxation for several prior omitted years without notice to the then owner of the land. Defendant pleads a tender of all delinquent taxes, penalties, interest and costs, and a prayer for the quieting of title to said land. By cross-petition he adopts all of the allegations of his answer, and prays that the tax deed under which plaintiffs and Willard Callicoat claim title to the land be canceled.

Plaintiffs, by reply, pleaded that they were in possession of the land, and that the defendant, Eddie Cox's title or interest, if any, is barred by the five year statute of limitations. Plaintiffs further pleaded that the deed from Winnie Selsor to Eddie Cox, dated November 22, 1950, is void, as the said Winnie Selsor was not in possession of the land and had not collected any rents or revenues therefrom for more than five years prior to the execution of her quitclaim deed to the defendant, Cox.

Plaintiffs introduced evidence tending to establish that Willard Callicoat procured title to the land here involved, under date of May 14, 1947, which deed was recorded on May 15, 1947; that after going into possession of the land in May, 1947, Callicoat verbally consented that a Mr. Tisdale could run his cattle upon the land. A few

days thereafter Callicoat entered into a contract with a Mr. Blackwood to mine or quarry rock upon the land. Blackwood, a rock contractor, continued to mine rock upon the land during the years 1948 and 1949, paying Callicoat a stipulated royalty of fifty cents per ton. During this period Callicoat was upon the land on numerous occasions observing the mining operation for the removal of the rock. Callicoat also sold rock from the land to others on a comparable royalty basis.

Blackwood testified that he entered into the contract with Willard Callicoat in 1948 to mine rock upon the land; that he employed from four to eight men in quarrying or mining the rock, loading it on trucks and hauling it to the scales for weighing; that he mined rock upon the land for two years, paying Callicoat a royalty of fifty cents a ton for each ton mined; that in the fall of 1951, or the early part of 1952, the defendant, Eddie Cox, came upon the land and advised him that he had procured a deed from Winnie Selsor to the land, and requested him not to remove any more rock therefrom.

Winnie Selsor, who previously owned the land, testified that she paid no taxes thereon after the year 1924; that she had never been in possession or occupied the land or received any rents or revenues therefrom; that she, at the defendant's request, executed a quitclaim deed to him covering the 200 acres here involved for a consideration of $50.

It was admitted that the taxes on the land in question were paid by the plaintiffs and Willard Callicoat for the years 1947, 1948, 1949, 1950 and 1951, and that the defendant, Eddie Cox, has never paid any of the general taxes.

In support of defendant's answer and cross-petition he introduced evidence to the effect that Winnie Selsor paid the 1923 taxes assessed against the land. No subsequent taxes for the years 1924 to 1947, inclusive, were paid by either the record owner of the land or by anyone in her behalf; that in the year 1923 or 1924, Winnie Selsor called at the courthouse in Atoka and made an inquiry of the County Treasurer whether any taxes were then due and unpaid. She was advised that a fire had recently destroyed a portion of the records and that, therefore, the treasurer was unable to advise her at the time as to whether any taxes were due or delinquent upon the land.

The defendant, Eddie Cox, seeks to reverse the judgment of the trial court because the tax deed issued Callicoat was void and because the plaintiffs and Callicoat had not been in adverse possession of the land. Cox further urged that the trial court erred in holding that his claim, set up in his answer and cross-petition filed more than five years after the tax deed was issued, was barred. He further asserted that his deed was not champertous as the trial court held. Bias and prejudice of the trial judge was also urged as grounds for new trial.

It is our conclusion that the deed from Winnie Selsor to Eddie Cox was champertous and void as to Willard Callicoat and his grantees for the reason that under the uncontradicted evidence Winnie Selsor never at any time occupied the land in question and neither did she receive any rent from the land in any shape, form or description. It is in plain violation of Section 548, 21 O.S.1951, our champerty statute. We have held in numerous cases that a deed given in violation of the foregoing section is void as to those persons holding adversely. Huston v. Scott, 20 Okl. 142, 94 P. 512, 35 L.R.A.,N.S., 721; Martin v. Cox, 31 Okl. 543, 122 P. 511; Chilton v. Dietrich, 46 Okl. 718, 148 P. 1045; Setterstrom v. Phelan, 182 Okl. 453, 78 P.2d 415.

Unquestionably Willard Callicoat occupied the land in question under color of title because his tax deed conveyed the land in question. There was evidence of adverse possession of this land by Callicoat and his grantees for five years and the trial court so found. The rule was early adopted by this Court in Chilton v. Dietrich, supra, that where one holds adversely under color of title the adverse occupancy embraces all the land included within the boundaries named in the occupant's deed, and he cannot be ejected by a person holding a deed in contravention of our above mentioned

champerty statute for the reason said deed is void against a person or persons holding adversely.

In our opinion the defendant, Eddie Cox, has failed to establish bias and prejudice on the part of the trial court sufficiently to necessitate a new trial.

It is unnecessary for us to pass upon the question of whether the answer and cross-petition of the defendant Cox was barred by the five year Statute of Limitations as to tax deeds, 12 O.S.1951 § 93, subdivision 3, because we have determined that the deed under which he claims is champertous and void and he does not pretend to have occupied adversely for a sufficient length of time to obtain title in that manner.

Since the defendant, Eddie Cox, has no rights in the land superior to Willard Callicoat and his grantees either by deed or adverse possession and no other defendants have appealed, the judgment of the trial court must be affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD, and JACKSON, JJ., concur.