## JOHNSON v. MYERS *et al.*

No. 1665.   Opinion Filed March 19, 1912.

(122 Pac. 713.)

1.   PLEADING—Waiver of Objections—Demurrer.   A demurrer to
an answer in an ejectment suit was sustained, and later judgment
rendered for plaintiff for want of answer.   This judgment was
set aside because defendant was entitled to a second trial in an
ejectment action as a matter of right.   Plaintiff then filed a reply
to the answer, announced ready for trial, stipulated with defend-
ant at the beginning of the trial as to common source of title, and
objected to the filing of an amended answer upon the ground that
it was inconsistent with the original answer and would change
the issues.   Held, that plaintiff waived the benefit of the judgment
on the demurrer, and that the answer should be treated as if the
demurrer had not been filed.

2.   CHAMPERTY AND MAINTENANCE—Conveyance of Land Held
Adversely—Validity.   A deed from a person out of possession of
real property, and who has not been in possession within a year,
and who has not within that time taken the rents and profits, is
void as against persons in adverse possession.

3.   TRIAL—Decision on Court's Own Motion.   A case may be de-
cided upon any point within the issues made by the pleadings and
the evidence, whether raised by counsel or not.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Jesse W. Johnson, administrator of the estate of
E. H. Johnson, against Kate Myers and another.   Judgment for
defendants, and plaintiff brings error.   Affirmed.

*Everest, Smith & Campbell* and *Russell G. Lowe,* for plaintiff
in error.

*C. W. Stringer,* for defendants in error.

Opinion by ROSSER, C.   This was an action by Jesse W.
Johnson as administrator of the estate of E. H. Johnson, de-
ceased, against Kate Myers and J. M. Myers, to recover lots 35

and 36 in block 65 in Oklahoma City. The suit was filed January 11, 1906. Defendants answered on the 24th of January, 1906. On the 16th of February, 1906, plaintiff filed a demurrer to the answer. On the 15th of November, 1906, the demurrer was stricken from the files. October 5, 1908, leave was given to refile the demurrer, and the demurrer was sustained on November 9, 1908. On November 21, 1908, judgment was rendered in favor of the plaintiff for the possession of the property, and this judgment was set aside December 18, 1908. On January 23, 1909, plaintiff filed a reply to the answer. On February 19, 1909, the suit was dismissed for want of prosecution, and on the 20th of February, 1909, it was reinstated. The case was heard March 30, 1909, taken under advisement, and judgment was rendered May 25, 1909. It was agreed at the beginning of the trial that on June 3, 1891, Thomas Jackson was the owner of the lot sued for. The plaintiff claims under chain of conveyances from Jackson, and defendants claim under a tax deed from the county treasurer of Oklahoma county. Judgment was rendered for the defendants, and plaintiff has appealed to this court. He assigns three errors, as follows:

"(1) That the court erred in not sustaining plaintiff's objection to the introduction of any evidence by defendants, and in not rendering judgment for plaintiff. (2) In not holding the tax deed to W. H. Bailey, under which defendants claimed, void on its face, and not sufficient to start the statute of limitation. (3) In holding plaintiff's deed void on account of defendants being in possession at the time of its execution."

It appears that the trial court sustained the demurrer to the answer originally filed by the defendants. The answer was a general denial of the plaintiff's cause of action, followed by the allegation that defendants held under the tax deed. It is difficult to understand the theory upon which a general demurrer to the answer was sustained, in view of the fact that it contained a general denial and would have been a good answer as against a general demurrer, even though it had admitted that defendants had no title. The attorneys for plaintiff overlooked or forgot that the demurrer to the answer had been sustained, and after

the first judgment for plaintiff was set aside and a new trial granted, plaintiff, on the 23d of January, 1909, filed a reply to the answer, to which a demurrer had already been sustained. It would be unfair not to state, in this connection, that counsel now representing plaintiff did not represent him in the proceedings below. Both parties went to trial upon the petition, answer, and reply, and the trial began before any suggestion was made that a demurrer to the answer had been sustained.

It appears that the first judgment was a judgment on the demurrer and for want of an answer, and this judgment was afterwards set aside. When the parties discovered in the course of the trial that the demurrer had been sustained, the defendants asked leave to refile the answer. The court permitted the answer to be refiled, and the trial proceeded upon the petition and re-filed answer and reply.

When the plaintiff replied to the answer, and went to trial upon the issues as made up, he waived the demurrer and the former ruling thereon, and cannot now take advantage of the fact that the demurrer to the answer had been sustained. 31 Cyc. 733, and authorities cited. See especially *Updegraff v. Marked Tree Lbr. Co.*, 83 Ark. 154, 103 S. W. 606; *C., R. I. & P. R. Co. v. Frazier*, 66 Kan. 422, 71 Pac. 831; *Illinois Life Ass'n v. Wells*, 200 Ill. 445, 65 N. E. 1072; *Citizens' Bank v. Bolen*, 121 Ind. 301, 23 N. E. 146; *Gregory v. Bowlsby*, 126 Iowa, 588, 102 N. W. 517; *Bank of Havelock v. W. U. Tel. Co.*, 141 Fed. 522, 72 C. C. A. 580, 4 L. R. A. (N. S.) 181, 5 Ann. Cas. 515.

In the case of *Quimby v. Boyd*, 8 Colo. 194, 6 Pac. 462, the defendant filed an answer setting up new matter, and the plaintiff failed to file a replication, as required by the statute. It was contended that defendants were entitled to judgment by default as to the new matter. The court said:

"In this state of the pleadings, unless the omission to file a replication was capable of being waived, and was waived, there was no issue for a jury to try, and the result of the trial must be regarded as of no legal significance whatever. The defendants were entitled to judgment upon their answer, as held by Judge

Hallett in *Newman v. Newton*, 3 Colo. L. R. 193 [14 Fed. 634]. No such judgment was asked, however; but the defendants went to trial just as if the issues were properly made up. We will say further, in this connection, that a critical examination of the entire record leads inevitably to one of two conclusions, to wit: That the fact that no replication had been filed to the answer must have been overlooked by defendant's counsel, or that they must have sought to take advantage of the default without calling the attention of the court and of the opposite counsel to this specific fact. Otherwise why was not a motion for judgment upon the pleadings interposed in the first instance, instead of voluntarily going into trial upon the merits?"

See, also, *Holt v. Holt*, 23 Okla. 639, 102 Pac. 187; *Allison v. Bryan*, 26 Okla. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 136 Am. St. Rep. 988.

In this case the plaintiff voluntarily went to trial and at the beginning of the trial entered into a stipulation as to the common source of title. He also objected to an amendment to the answer being filed, upon the ground that it was inconsistent with the original answer and changed the issues in the case. He cannot be heard to say there was no issue to try. The cases cited are nearly all cases where there was a failure to file reply to an answer setting up new matter, but it is not believed there is any difference in principle. In this case, as in those, the party having treated the case as if the issues were made up is estopped to deny that the case is at issue.

The second proposition urged by the plaintiff is that the tax deed under which defendants claimed possession was void. Before discussing this question, the question of whether or not the plaintiff was entitled to recover upon his own showing should be passed upon. If plaintiff has no title he can assert as against the defendants, then it makes no difference whether the defendants had a valid title or not.

It appears from the evidence that plaintiff received his deed, under which he claims title, on the 15th day of November, 1904. At that time the defendants were in possession, receiving the rents and profits, and had been in possession for six or seven years. It appears that at the time they went into possession

Thomas Jackson, the person who owned the land prior to the time it was sold for taxes, and who deeded the land to Ella Jackson Brown, plaintiff's immediate grantor, asked and obtained permission from the defendants to remove his improvements from the lots, and that he did move the improvements off, and made no further claim to the lots, and that, at the time the deed was made from Ella Jackson Brown to plaintiff, defendants were in possession claiming to be the owners. The deed from Ella Jackson Brown to plaintiff was void as against the defendants because it was made in violation of section 2026, St. Okla. 1893 (Wilson's Rev. & Ann. St. 1903, sec. 2112; Comp. Laws 1909, sec. 2215). *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Larney v. Aldridge,* 31 Okla. 447, 122 Pac. 151.

In *Powers v. Van Dyke,* 27 Okla. 27, 111 Pac. 939, the syllabus is as follows:

"St. Okla. 1893, sec. 2026 (Wilson's Rev. & Ann. St. 1903, sec. 2112; Comp. Laws 1909, sec. 2215), making a misdemeanor the buying or selling of any pretended right or title to land where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and a conveyance of land made in contravention thereof by the rightful owner, as against the person holding adversely, is void."

And this syllabus is quoted with approval in *Martin v. Cox,* 31 Okla. 543, 122 Pac. 511, and that case expressly holds that the adverse possession which will render a deed void need not be by color of title.

Plaintiff contends that this case was not tried upon this theory in the court below, and for that reason this question should not be considered as in the case at this time. It would seem that this question was not urged at the trial, but that when the case of *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, was brought to the attention of the court while he had the case under advisement, he decided it upon this theory. This was not error. This question was within the issues raised by the pleadings in the court below, and is within the evidence. There

was no stipulation or agreement waiving it. The court had the right to decide the case upon any proposition within the pleadings and evidence, whether insisted upon by counsel or not. If the case should be reversed and remanded for a new trial, this question would inevitably be brought up, and there could be but one result under the admitted facts in this case.

As it appears the plaintiff has no title he can assert as against the defendants, it is not necessary to decide the question of the validity of the tax deed under which defendants hold.

The judgment should be affirmed.

By the Court: It is so ordered.