## SIMS v. BROWN *et al.*

No. 3743. Opinion Filed May 25, 1915.

(149 Pac. 876.)

1. CHAMPERTY AND MAINTENANCE—Grantor out of Possession —Application of Statute—Indian Lands. The provisions of section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), apply to Indian lands, upon which restrictions have been removed.

2. CHAMPERTY AND MAINTENANCE—Grantor out of Possession —Validity of Conveyance. Section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), making it a misdemeanor to buy or sell any pretended right or title to lands, where the grantor, or those by whom he claims, has not been in possession or taken the rents and profits thereof for the space of one year before such conveyance is executed, is declaratory of the common law; and a

conveyance made in contravention thereof by the rightful owner of such lands, as against the person holding the same adversely, is inoperative, regardless of whether or not such adverse holder is holding under color of title.

3.    INDIANS—Lands—Descent—"Ancestral Estate." An allotment, made by the Dawes Commission to the heirs of a deceased citizen of one of the tribes, passes, under section 2531 of Mansfield's Digest of the Laws of Arkansas, as an ancestral estate.

(Syllabus by Collier, C.)

*Error from District Court, Okfuskee County;*

*John Caruthers, Judge.*

Partition by B. O. Sims against David Brown, and Wesley Sawyer and another interpleaded. From the judgment, plaintiff brings error. Affirmed.

*C. T. Huddleston,* for plaintiff in error.

*John L. Norman* and *S. L. O'Bannon,* for defendants in error.

*W. T. Banks,* for interpleaders.

COLLIER, C.   This is an action in partition and to remove cloud from title to the southeast quarter of section 36, township 11 north, range 10 east, Okfuskee county, and for damages for use and occupancy, instituted by B. O. Sims, plaintiff in error, hereinafter referred to as plaintiff, against David Brown, defendant in error, hereinafter called defendant. The land in controversy was the allotment of Timmie Fisher, deceased, a full-blood Creek citizen, who, it is admitted, died about May 1, 1901. Plaintiff claims title to said land through Betsy Deer, *nee* Martin, and Samson Barnett, who plaintiff claims to be the sole and only heirs of Timmie Fisher. On the 20th day of August, 1907, Betsy Martin and Samson Barnett conveyed said quarter section to John L. Bruce. On the 10th day of August, 1907, John L. Bruce and Alice Bruce, his wife, conveyed by quit-claim deed said southeast quarter of said

section to B. O. Sims. On the 10th day of August, 1907, Betsy, Martin conveyed the south half of said southeast quarter to David Brown, defendant.

In plaintiff's petition, it is admitted that David Brown is the owner of a one-half undivided interest in the south half of said southeast quarter, and consequently the controversy, in so far as plaintiff and defendant are concerned, involves only a one-half undivided half interest in the south half of said southeast quarter. Defendant offered evidence, tending to show that by parol agreement the said alleged heirs of Timmie Fisher partitioned said southeast quarter between said Betsy Martin and Samson Barnett; the said Samson Barnett receiving in said partition the north half, and the said Betsy Martin receiving the south half, of said southeast quarter. Timmie Fisher died prior to receiving deed to his allotment, and after his death the Creek Nation issued a deed to said lands to said Timmie Fisher or his heirs. On the 18th day of December, 1908, Betsy Martin and Samson Barnett conveyed to B. O. Sims said southeast quarter of section 36, and said deed of conveyance was duly approved by the county judge of Okfuskee county on the 18th day of December, 1908, and filed for record on the 19th day of December, 1908.

Defendant introduced evidence of a warranty deed from the aforesaid Betsy Martin to the south half of said quarter section of land, and evidence which is not denied, that he (Brown) had been in actual, open, and notorious possession of said south half of said quarter section of land since 1906, and was at the time of the institution of this action, and continuously until the time of trial, in the actual, open, and notorious possession of said south half of said southeast quarter, claiming to own the same.

Wesley Sawyer and Amanda Sawyer, by their next friend, Wash Proctor, interpleaded in said cause, claiming to be the sole and only heirs of Timmie Fisher, and offered evidence to support

Form 25

their claim. A demurrer was interposed by each said plaintiff and defendant to the evidence offered in support of said interpleaders' petition, which demurrers were, by the court, sustained. On motion of plaintiff, the court instructed the jury to find for plaintiff for the north half of said southeast quarter, and to find for defendant for the south half of said southeast quarter of said land. The jury returned a verdict in accord with such peremptory instructions. The interpleaders in said cause each demurred to the evidence of both plaintiff and defendant, on the ground that neither had any right to the land in question, and that neither claimed through the heirs of Solomon Sawyer, deceased, to whom the land of Timmie Fisher was allotted. Said demurrer was overruled.

Though stated in many ways, the only error assigned by plaintiff is the giving of the peremptory instruction in favor of defendant. Errors assigned by the interpleaders are: (1) The action of the court in sustaining the motion of plaintiff and of defendant for peremptory instructions; and (2) the action of the court in sustaining the demurrer to the evidence offered by the interpleaders.

The first question for our determination, so far as the issues between plaintiff and defendant are concerned, is the giving of the peremptory instruction heretofore stated. The uncontradicted evidence in this case on behalf of defendant shows conclusively that he was in the open, actual, and notorious possession of said south half of the southeast quarter of said land, claiming to be the owner thereof, prior to and at the time plaintiff asserted any right or title thereto, and therefore the deed acquired from Betsy Martin and Solomon Barnett by Sims was, under section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), void as to said Brown.

In the case of *Miller v. Fryer*, 35 Okla. 145, 128 Pac. 713, Hayes, J., speaking for the court, said:

"This section of the statute has received the consideration of this court, and been applied in several cases, all of which are referred to and reviewed in the recent case of *Martin v. Cox et al.,* 31 Okla. 543, 122 Pac. 511. In this case the court held that the foregoing statute, making it a misdemeanor to buy or sell any pretended right or title to land, where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and that a conveyance made in contravention thereof by the rightful owner as against the person holding adversely is void, and that it is not necessary, in order that such shall be the result of the statute, that the person holding shall hold under color of title at the time of the conveyance. It is sufficient if he was in possession adversely to plaintiff and his grantors."

This statute applies to Indian lands, upon which restrictions have been removed. *Miller v. Fryer, supra.* It therefore follows that the court did not err in the peremptory instructions requested by both plaintiff and defendant.

It is not necessary, to a correct decision in this case, that we consider whether or not a partition of real property can be made by parol agreement, and as to same we express no opinion. Nor do we express any opinion as to the title to said land in controversy, except as hereinafter stated.

The only remaining question involved in this case is as to whether or not the court properly sustained the demurrers interposed respectively by the plaintiff and by defendant to the evidence offered by the interpleaders. It is not shown in the record the date when the allotment was made and certificate issued. It is shown by the record that the patent issued October 10, 1904, and the case was apparently tried upon the theory that the descent was cast as of that date.

The interpleaders apparently rest their claim of title upon the proposition that the "descent cast" is under the laws of Arkan-

sas, which were extended over the Indian Territory, and the estate in controversy a "new acquisition."

The Supreme Court of the United States, in *McDougal v. McKay et al.,* 237 U. S. 372, 35 Sup. Ct. 605, 59 L. Ed. —, *Pigeon et al. v. Buck et al.,* and *Roberts v. Underwood et al.,* 237 U. S. 386, 35 Sup. Ct. 608, 59 L. Ed. — (decided April 26, 1915), in affirming the judgment of this court in said causes, said:

"An allotment made by the Dawes Commission to the heirs of a deceased citizen of the tribe passed to the heirs, under section 2531 of Mansfield's Digest of the Laws of Arkansas, as an ancestral estate."

It therefore follows that the lands in controversy not being a new acquisition, but an ancestral estate, interveners, under their evidence in this case, have no interest in said land; and the court did not commit error in sustaining the demurrers of both plaintiff and defendant to said evidence offered by interveners.

The errors assigned, other than herein considered, are, if errors, harmless, and are therefore not prejudicial to the substantial rights of the parties in this cause, and need not be separately considered.

There being no reversible error in this cause, the same should be affirmed.

By the Court:   It is so ordered.