## COBLENTZ v. IVES.

No. 5811.    Opinion Filed October 19, 1915.

(152 Pac. 584.)

CHAMPERTY AND MAINTENANCE—Land Held Adversely—Validity of Conveyance. Section 2215, Comp. Laws 1909 (section 2280, Rev. Laws 1910), making it a misdemeanor to buy or sell any pretended right or title to lands where the grantor, or those by whom he claims, has not been in possession or taken the rents and profits thereof for the space of one year before such conveyance is executed, is declaratory of the common law; and a

conveyance made in contravention thereof by the rightful owner of such lands, as against the person holding the same adversely, is inoperative.

(Syllabus by Collier, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by B. B. Ives against Cora B. Coblentz. Judgment for plaintiff, and defendant brings error. Affirmed.

*Stewart & Stewart,* for plaintiff in error.

*L. J. Roach,* for defendant in error.

Opinion by COLLIER, C.   Defendant in error brought this action against plaintiff in error to remove cloud on title to certain lands described in the petition, which said lands were the allotment of Stella Scott, a Creek freedwoman, and set up a claim of title from the United States to defendant in error, which said claim included a deed from said Stella Scott to Geo. F. Nave, dated February 27, 1906; a deed from said Geo. F. Nave to Muskogee Title & Trust Company, dated February 28, 1906; a deed from said Muskogee Title & Trust Company to J. M. Hughes, dated March 4, 1907; a deed from said J. M. Hughes and Anna M. Hughes, his wife, to H. W. Eck; and a deed from said H. W. Eck to defendant in error, dated June 22, 1908, and filed for record June 23, 1908.   It is averred in the petition herein that:

"Plaintiff had been in the actual, open, and exclusive possession of said lands since the purchase of same from the said Henry W. Eck on June 22, 1908, and that his deed to said lands from the said Henry W. Eck had been of record in the office of the register of deeds of Wagoner county since June 3, 1908; that plaintiff is still in possession of said lands."

Plaintiff in error, by way of answer, denied the title of defendant in error to said lands, and averred that said Stella Scott was a minor, under the age of 18 years, at the time she executed the said deed to Geo. F. Nave, under whom plaintiff claims; that said Stella Scott died in April, 1906, unmarried and without issue, and that the title to said lands became vested in her father and mother, Butcher and Catherine Scott; that plaintiff in error, on the 28th day of March, 1911, purchased said lands for a valuable consideration from said Butcher and Catherine Scott. Said answer does not deny that at the time plaintiff in error purchased said lands defendant in error was in the open, adverse, and actual possession of said lands; nor does it aver that said Butcher and Catherine Scott, or either of them, was in the actual adverse possession of said lands, or had taken the rents and profits thereof for the space of one year before such conveyance was executed. Defendant in error interposed a general demurrer to the answer, which was sustained by the court, and plaintiff in error declined to plead further, and announced her determination to stand upon her answer. Judgment was rendered for defendant in error as prayed, from which this appeal is prosecuted.

The petition in this case averring that the defendant in error was in the open, actual, and adverse possession of the lands in question at the time Butcher and Catherine Scott executed the deed to said lands under which plaintiff in error claims, and the said answer not denying that defendant in error was in the actual adverse possession of said lands at the time that the deed from Butcher and Catherine Scott was executed, the facts stated in said answer do not constitute a defense to the petition of plaintiff, and the court did not err in sustain-

ing the demurrer to the answer and in rendering judgment for defendant in error.

In the case of *Miller v. Fryer*, 35 Okla. 145, 128 Pac. 713, Hayes, J., speaking for the court, said:

"This section of the statute [referring to section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910)] has received the consideration of this court, and been applied in several cases, all of which are referred to and reviewed in the recent case of *Martin v. Cox et al.*, 31 Okla. 543, 122 Pac. 511. In this case the court held that the foregoing statute, making it a misdemeanor to buy or sell any pretended right or title to land, where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and that a conveyance made in contravention thereof by the rightful owner as against the person holding adversely is void, and that it is not necessary, in order that such shall be the result of the statute, that the person holding shall hold under color of title at the time of the conveyance. It is sufficient if he was in possession adversely to plaintiff and his grantors."

In *Sims v. Brown*, 46 Okla. 767, 149 Pac. 876, it is said:

"Section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), making it a misdemeanor to buy or sell any pretended right or title to lands, where the grantor, or those by whom he claims, has not been in possession or taken the rents and profits thereof for the space of one year before such conveyance is executed, is declaratory of the common law; and a conveyance made in contravention thereof by the rightful owner of such lands, as against the person holding the same adversely, is inoperative, regardless of whether or not such adverse holder is holding under color of title."

We therefore recommend that this cause be affirmed.

By the Court: It is so ordered.