## McCRORY v. WORLEY.

No. 9982—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Dismissal—Settlement of Controversy.**

Where, prior to the determination of a proceeding in error in this court, it is made to appear that the controversy has been settled and determined, the proceeding will be dismissed.

2. **Appeal and Error—Parties—Substitution on Appeal.**

A motion to be substituted as defendant in error on the ground that the movant has acquired the interest of the defendant in error to the lands in controversy will be denied where it is shown that movant's interest had been acquired prior to the rendition of judgment in the trial court and that no motion was made to intervene in that court.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Melvina Worley to quiet title to certain lands in Carter county, Oklahoma. Judgment for plaintiff, and R. F. McCrory brings error. Dismissed.

W. F. Bowman and Moore & Moore, for plaintiff in error.

Sigler & Howard, for defendant in error.

KANE, J. Judgment was rendered for defendant in error in the district court of Carter county December 13, 1917, and her title to the lands in controversy was quieted by a decree of that court. On March 8, 1920, plaintiff in error filed motion for judgment and attached to such motion a confession of judgment by Melvina Worley, defendant in error. A response to the motion to enter judgment was filed by J. R. Brady, who claims to be the real party in interest by virtue of a certain warranty deed made on the 9th day of February, 1917, and filed for record on the 8th day of March, 1918.

As concerns the parties to the appeal, the controversy appears to have been settled and determined, and, under the holding of this court, the appeal should therefore be dismissed. Spalding et al. v. Yarbrough, 40 Okla. 731, 140 Pac. 782; Quinn v. State ex rel. Cole, 43 Okla. 198, 141 Pac. 1166.

Motion of J. R. Brady to be substituted as the real party in interest cannot be sustained, for the reason that it shows on its face that whatever interest he may have to the lands in controversy existed several months prior to the rendition of judgment in the district court. The record fails to show any motion to intervene in the trial court.

Both the facts set up in the response to the motion filed by plaintiff in error for judgment and the motion to be substituted as defendant in error show Brady to be the real party in interest, and that he has all along furnished the money for the suit. A necessary party to the proceeding in error

should not be made for the first time in this court. May et al. v. Fitzpatrick et al., 35 Okla. 45, 127 Pac. 702.

For the reasons stated, the appeal will be dismissed.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.