## HARRISON v. CORRY PHARMACY et al.

No. 9621—Opinion Filed April 6, 1920.

(Syllabus by the Court.)

### 1. Jury—Right to Jury Trial—Action to Recover Money.

Under section 4993, Rev. Laws 1910, an action for the recovery of money is triable to a jury.

### 2. Trial—Directing Verdict—Evidence.

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith.

### 3. Trial—Province of Jury—Weight and Credibility of Evidence.

In an action at law the credibility of a witness and the weight and value to be given his testimony is a question for the jury.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by C. W. Harrison against the Corry Pharmacy and others. Judgment for defendants, and plaintiff brings error. Reversed, with directions.

A. J. Welch, for plaintiff in error.

Hills, Manatt & Bowen, for defendants in error.

RAINEY, J. This was an action instituted by one C. W. Harrison to recover from the Corry Pharmacy and others on a promissory note.

The case is very similar to cause No. 9620, Fred L. Stevens v. Oklahoma Automobile Company et al., this day decided (ante, p. 126), and the cases are briefed on the same theory. The decision, therefore, in cause No. 9620 is decisive of the propositions herein involved.

The cause is therefore reversed, with directions to the trial court to grant a new trial.

OWEN, C. J., and KANE, JOHNSON, and BAILEY, JJ., concur.