### SANDERS et al. v. LEFORCE et al.

No. 12493—Opinion Filed Oct. 30, 1923.

**1. Champerty and Maintenance—Invalidity of Deed.**

A deed by a grantor out of possession of real property who has not been in possession for a year next preceding date of conveyance, or has not within a year taken rents and profits, or those under whom he claims, is void as against any person or persons in adverse possession.

**2. Appeal and Error—Questions of Fact—Verdict.**

The judgment of the trial court will not be reversed on appeal for insufficient testimony if there is any testimony that reasonably tends to support the verdict of the jury.

**3. Same—Affirmance.**

Record examined, and held to be sufficient to support the verdict and judgment of the trial court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action in ejectment by J. G. Sanders and S. R. Lewis against J. S. Leforce and E. E. Leforce for possession of the real estate described in petition and for rents. Judgment for defendants. Plaintiffs bring error. Affirmed.

Opinion by STEPHENSON, C. The plaintiffs commenced their action in ejectment against the defendants for the possession of the real estate described in petition and for rents. The plaintiffs alleged that the real estate in question is the allotment of Jesse Corntassel, who died in Craig county on January 22, 1908, leaving as his heirs at law, Janie Corntassel and Maud Corntassel, a daughter. The plaintiffs claim title through deed from the wife bearing date as of March 4, 1910, and from Maud Corntassel to J. G. Sanders, bearing date as of September 23, 1919. J. G. Sanders by his deed conveyed a half-interest in the real estate to S. R. Lewis, on December 1, 1919. The defendants allege ownership and possession of the land in controversy by deed from John Corntassel, father of the allottee, bearing date as of October 3, 1908, and that they had been in possession of the property at all times subsequent to the date of the deed of conveyance. The wife of Jesse Corntassel was a white woman, and the other grantors are Cherokee Indians. The defendants further alleged that a marriage never existed between Janie Robinett, nee Corntassel, and Jesse Corntassel, and that the plaintiffs did not receive title by the deeds of conveyance. The proof in part is that Jesse Corntassel and Janie Corntassel lived together for a few months in the year 1898. There is proof by the plaintiffs that the parties were married and lived together as husband and wife. The defendants offered proof denying that the marriage between the parties existed. Janie Robinett, nee Corntassel, testified in the cause that she supposed they were married in September, and continued to live together until June, the following year. They then separated and she later married Robinett in the year 1902, and continued to live with him thereafter. Janie Robinett while on the witness stand testified that she never claimed

any interest in the allotment of Jesse Corntassel, although she had executed and delivered deed to the plaintiffs, and others, attempting to convey an interest in the property. At this point the plaintiffs in error stated that inasmuch as the witness did not claim any interest in the allotment that they would dismiss their action as to the title purported to have been conveyed by the supposed wife of Jesse Corntassel. The court thereupon in the course of the trial instructed the jury to return a verdict for the defendants and against the plaintiffs as to an undivided one-half interest in the property. The defendants further alleged that the deed from J. G. Sanders to Lewis, purporting to convey an undivided one-half interest in the property, was champertous, as the grantor had not been in possession of the lands or received the rents therefor within a year, or for a year preceding the date of the conveyance, nor their grantors. The defendants further showed that they had been in possession of the property since 1908, and that the plaintiffs nor their grantors had been in possession or taken rents from the property during that period of time. The trial court held that the deed from Sanders to Lewis was champertous and therefore void. This ruling left only an undivided one-fourth interest in controversy between the parties. The jury on the issues of fact returned its verdict for the defendants. The plaintiffs have brought error and seek a reversal of the cause on the following grounds:

(a) Action of the court in instructing the jury to return a verdict for the defendants and against the plaintiffs, on the undivided one-half interest for which the plaintiffs disclaimed ownership in the course of the trial.

(b) Error of the court in holding the deed from plaintiff J. G. Sanders to his coplaintiff, S. R. Lewis, to be champertous and void.

(c) Error of the court in rejection of competent testimony and the admission of incompetent testimony during the trial.

(d) Error of the court in giving certain instructions to the jury.

The alleged marriage between Janie Corntassel and Jesse Corntassel was a question of fact for determination by the jury and plaintiffs' right of possession of the property, aside from other questions in the case, depends upon the existence of a valid marriage between the parties. The court fairly submitted the questions of fact under proper instructions to the jury, and there is sufficient evidence to support the verdict. The proof discloses that J. G. Sanders and the grantors had never been in the possession of the property, and the property had been adversely held by the defendants since March 4, 1910. The plaintiffs contend that the champerty statute does not apply to their deed for the reason that the land in question is the allotment of a member of the Five Civilized Tribes. The exception made by section 1679, Compiled Statutes of 1921, relates to allottees and the heirs of the allottees. The plaintiffs seek to read the land into the exception. The statute does not go so far, and it is immaterial in this case whether the lands were formerly the allotment of a member of the Five Civilized Tribes, or a portion of the public domain. It is sufficient that J. G. Sanders was not the allottee, or an heir of the allottee. Canfield v. Jack, 78 Okla. 127, 188 Pac. 1040.

Therefore the deed under which S R. Lewis claims from J. G. Sanders, bearing date as of September 23, 1919, is champertous and void. Larney v. Aldridge, 31 Okla. 447, 122 Pac. 151; Johnson v. Myers, 32 Okla. 421, 122 Pac. 713; Chilton v. Dietrich, 46 Okla. 718, 148 Pac. 1045; Coblentz v. Ives, 52 Okla. 44, 152 Pac. 584.

We have carefully examined the record and find that the instructions fairly submitted the questions at issue between the parties. The record further shows that while there may have been error in the admission of some of the testimony offered by the defendants in error, it was not prejudicial to the rights of the plaintiffs. However, we may add that the court also received testimony from the plaintiffs in error which under the strict rule of evidence should not have been received, but its introduction did not work any substantial injury to the rights of the parties.

Therefore, it is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.