## BRADY v. McCRORY.

No. 13175—Opinion Filed Nov. 12, 1924.

Rehearing Denied Feb. 24, 1925.

(Syllabus.)

1. Champerty and Maintenance—Champertous Deed—Right of Party in Adverse Possession to Purchase Title of Grantor Pending Action Against Party.

Where the holder of the legal title to real estate who is out of possession conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee, and the person in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title during the pendency of an action commenced against him for possession by this grantor for the benefit of the champertous grantee.

2. Same—Effect of Dismissal of Appeal—Judgment of Grantor Inuring to Benefit of Party in Adverse Possession.

Where W. brings suit against M., who is in adverse possession, to have a deed declared a mortgage, and while the suit is pending W. conveyed the land to B., and judgment being rendered in W.'s favor, M. appeals, and pending the appeal W. executed a deed to M. and the appeal was dismissed; held, that the judgment of the lower court in favor of W. inured to the benefit of M. upon dismissing the appeal rather than to B.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by R. F. McCrory against J. R. Brady to quiet title to certain lands. Judgment for plaintiff, and defendant brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Moore & West, for defendant in error.

MASON, J. This is an action by defendant in error against plaintiff in error to

quiet title to the following described tract of land: Northeast quarter of southwest quarter of section seven (7), township one (1) south, range two (2) west, containing 40 acres, more or less, situated in Carter county, Okla.

On the 10th day of September, 1908, Melvina Worley executed a warranty deed to Robert G. Harmon, conveying to him in fee simple the premises above described. Two or three years after the execution of this deed, Melvina Worley brought suit against Robert G. Harmon to have the deed declared a mortgage, and that she be permitted to redeem.

The case came on trial on the 17th day of May, 1912, and the jury found that plaintiff was indebted to defendant in the sum of $342, with interest from September 10, 1908. The court adjudged that defendant was entitled to the possession of the property, unless plaintiff paid to him immediately the above sum, and the plaintiff take nothing by her suit, and that defendant recover his costs.

Defendant was awarded a writ of possession which was stayed until January 1, 1913, upon condition that plaintiff attorn to defendant and pay him rent for the year 1912, and in the event plaintiff failed to do so, writ of possession to issue at once. No part of this record appears in the record of case at bar, except the judgment, and from it, it is hard to tell what the judgment of the court really was, but in the light of subsequent events, it seems that plaintiff made default, and that defendant was put in possession of the premises.

On the 20th day of December, 1913, Robert G. Harmon conveyed the land to defendant in error. Harmon was in possession at the time and defendant in error went into immediate possession under his deed and has continued in possession since adverse to plaintiff in error and all other persons and has collected all the rents and profits therefrom.

On the 9th of January, 1917, Melvina Worley brought suit against defendant in error to have the deed from Harmon to defendant in error declared a mortgage, and that she be permitted to redeem.

On the 17th day of December, 1917, the court rendered judgment in favor of plaintiff, Melvina Worley, and against defendant Robert F. McCrory, from which judgment McCrory appealed. Within a month after the suit of Melvina Worley v. Robert F. McCrory was brought, in the district court

of Carter county, and while the same was there pending, and on the 9th day of February, 1917, Melvina Worley conveyed the land to J. R. Brady, plaintiff in error in this case. While the case of Melvina Worley v. Robert F. McCrory was pending in this court, and on the 8th day of January, 1919, Melvina Worley conveyed her interest in the land to Robert F, McCrory, and McCrory, on the 8th day of March, 1920, filed motion for judgment supported by a confession of judgment on the part of Melvina Worley, defendant in error. To this motion J. R. Brady, plaintiff in error in the instant case, filed a response claiming to be the real party in interest and seeking to have himself substituted as a party to the appeal On the 7th day of May, 1920, this court in an opinion by Mr. Justice Kane, McCrory v. Worley, supra, 78 Okla. 65, 188 Pac. 1066, sustained this motion, dismissed the appeal, and denied Brady's application for substitution.

On the 16th day of March, 1920, defendant in error brought suit in the case at bar in the district court of Carter county against plaintiff in error to quiet title as before stated, alleging his ownership and possession of the land and deraigning title as heretofore indicated. Plaintiff in error filed his answer, in which he denied generally the allegations of the petition and averred that the deed from Melvina Worley to Robert G. Harmon was intended as a mortgage, and that Harmon was never anything more than a mortgagee, and that defendant in error, under his deed from Harmon, simply succeeded to the rights of Harmon, as mortgagee, and setting up title in himself under his deed from Melvina Worley.

The case was tried to the court, and upon the close of defendant in error's evidence plaintiff in error demurred, which was overruled and exceptions saved. Judgment was rendered in favor of defendant in error, and plaintiff in error appeals. The only error assigned necessary to a determination of this case is as follows: "The court erred in overruling the demurrer of the defendant to the plaintiff's testimony."

Plaintiff in error insists that when the appeal was dismissed in the case of Robert F. McCrory, Plaintiff in Error, v. Melvina Worley, Defendant in Error, it operated as an affirmance of the judgment of the lower court, and with this contention we agree. Stumpff v. Harper, 90 Okla. 195, 214 Pac. 709.

Plaintiff in error further contends that this judgment inured to his benefit, he claim-

ing under a deed from Melvina Worley, dated February 9, 1917, while defendant in error is claiming under a deed from her, dated January 8, 1919, but with this contention we cannot agree. When Melvina Worley made the deed to plaintiff in error she was not in possession of the property and had not been for a period of more than one year and had taken no rents or profits therefrom, but instead, defendant in error was in possession under deed holding adversely to Melvina Worley and all other persons, and receiving all the rents and other profits.

The rule is well established in this jurisdiction that a conveyance of real estate in the adverse possession of another, where the grantor has not been in possession. either by himself or those under whom he claims receiving the rents and profits for one year, is void as against the person in possession, though good as between the parties. Gannon v. Johnston et al., 40 Okla. 695, 140 Pac. 430; Huston v. Scott, 20 Okla. 142, 94 Pac. 512; Powers v. VanDyke, 27 Okla. 27, 111 Pac. 939; Martin v. Cox, 31 Okla. 543, 121 Pac. 511; Miller v. Fryer, 35 Okla. 145, 128 Pac. 713.

A grantor not in possession, however, may prosecute an action for the benefit of his grantee, or the grantee may prosecute the action in the name of his grantor, or may associate himself with his grantor in the action. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430; Harjo v. Owensby, 66 Okla. 315, 169 Pac. 875; Buell v. U-par-har-har et al., 60 Okla. 79, 159 Pac. 507.

The case of Melvina Worley v. Robert F. McCrory having proceeded in her name after she made deed to plaintiff in error, it may be conceded that she was prosecuting the action for the benefit of plaintiff in error, or that plaintiff in error was prosecuting the same in her name, yet a deed made by Melvina Worley to defendant in error, pending the litigation, would not necessarily be to the prejudice of plaintiff in error. If this deed vested in defendant in error title superior to that of plaintiff in error, he cannot be heard to complain. We are of the opinion that the deed made by Melvina Worley to defendant in error, the party in possession, holding adversely, pending the litigation, was effectual to perfect his title, and to bar further prosecution of the case of Worley v. McCrory, and the judgment in that case inured to the benefit of defendant in error.

This question has been expressly decided by this court, speaking through Mr. Justice Cochran, in case of Lackey et al. v. Wagner,

89 Okla. 48, 213 Pac. 742, the syllabus of which is as follows:

"Where the holder of the legal title to real estate who is out of possession conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee, and the person in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title during the pendency of an action commenced against him for possession by this grantor for the benefit of the champertous grantee."

To the same effect is the holding in Miller et al. v. Grayson, 64 Okla. 122, 166 Pac. 1077; 165 Pac. 133.

The judgment of the lower court is therefore affirmed.

McNEILL, C. J., and HARRISON, JOHNSON, BRANSON, WARREN, and GORDON, JJ., concur.