**ANICKER et al. v. HARRISON et al.**

No. 16212. Opinion Filed March 2, 1926.

Rehearing Denied May 17, 1927.

1. **Champerty and Maintenance—Champertous Deed by Heirs.**

Where minors' lands are sold at guardian's sale and the purchaser goes into possession, and such possession is open, notorious and adverse, and the minors have never been in possession or claimed any interest in the lands so sold, but after the minors have attained their majority, B., not being an heir of the allottee, and never having been in possession of the land, secures a quitclaim deed from the heirs, such deed is made in contravention of section 1679, Comp. St. 1921, and in contravention of the record owner in possession, and is champertous and void as against such record owner in possession.

2. **Limitation of Actions—Action to Recover Real Estate—Effect of Disability—Statute Construed.**

Section 4656 R. L. 1910 (section 184, C. O. S. 1921), provides: "Any person entitled to bring an action for the recovery of real property, who may be under any legal dis-

ability when the cause of action accrues, may bring his action within two years after the disability is removed. Held, the right of action provided by this section is personal to the one laboring under the legal disability and does not extend to his or her assignees or grantees.

### 3. Same—Cross-Action Barred.

Where W., in 1914, purchases the lands of a minor at a guardian's sale, and he and his grantees go into and retain open, notorious, and adverse possession of the land, and after more than three years after the wards have attained their majority, the grantees of the purchaser at the guardian's sale bring their action against persons claiming under quitclaim deeds from such wards, and such defendants file their cross-petition, praying title be quieted in defendants, the claim of such defendants is barred by the statutes of limitations.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by T. F. Harrison et al. against William J. Anicker et al. Judgment for plaintiffs, and defendants bring error. Affirmed.

Charles A. Moon, Francis Stewart, and S. H. Lattimore, for plaintiffs in error.

Turner & Lucas, Leslie Rogers, and John Rogers, for defendants in error.

Opinion by RUTH, C. Plaintiffs and defendants will be designated in this opinion as they appeared in the trial court.

It appears from the record one Hannah Johnson, a Creek Indian, citizen of the one-fourth blood, was allotted certain lands. Hannah died January 3, 1908, leaving surviving her Paro Johnson, husband, and seven minor children, to wit: Polly, Emmett, Ada, Nathan, Leora, Ella, and Everett Johnson Polly and Everett Johnson died in 1908, Ada Johnson died in 1910, Ella Johnson died in 1916, and Nathan Johnson died in 1917, each of the deceased being unmarried and without issue. It is stipulated plaintiffs are the owners of a one-third interest, being the interest of Paro Johnson, surviving husband of Hannah, and this action involves the remaining two-thirds of Hannah's estate.

George D. Harrison, the duly appointed guardian of Emmett Johnson and Nathan Johnson, filed his petition on December 10, 1913, to sell the lands of his wards, and on January 24, 1914, the county court confirmed the guardian's sale of the allotment of Emmett Johnson and the allotment of Nathan Johnson, and "all the said minors'

rights, title, and interest in and to the S. E. ¼ of section 25, twp. 9 N., R. 8 E. in the allotment of Hannah Johnson to Joseph Smelser." Each tract and interest is separately set forth in the order of confirmation, as is the separate amount received for each, the sale being for cash.

Paro Johnson was appointed guardian of Leora and Ella Johnson, and on March 2, 1914, the guardian petitioned the county court for permission to sell the said minors' interests in the Hannah Johnson allotment, and on April 10, 1914, the county court confirmed the sale thereof to John E. Turner.

On September 18, 1915, Turner conveyed to Harry H. Rogers all his interest in the land in controversy. On July 12, 1920, Rogers, reserving the mineral rights, conveyed to T. F. Harrison, and Herman Sheppard, and on November 20, 1920, Herman Sheppard conveyed his interest in the property in controversy to T. F. Harrison, thus establishing a complete chain of title, leaving the fee in T. F. Harrison and the mineral rights in Harry H. Rogers. After the guardian's sales in 1914, Ella Johnson died, and Nathan Johnson died, unmarried and without issue, as hereinbefore stated, leaving but two children surviving, to wit, Emmett and Leora Johnson. Emmett attained his majority February 15, 1917, and Leora attained her majority May 20, 1920. On September 3, 1920, Emmett Johnson executed a quitclaim deed of all his interests in the lands in controversy to H. H. Brewner, and on September 10, 1920, Leora Johnson quitclaimed her interest to H. H. Brewner. On September 18, 1920, Brewner quitclaimed to Marshall, L. Bragdon and W. J. Anicker, and on July 21, 1921, Bragdon and Anicker conveyed by warranty deed to Irving J. Morris, an undivided two-sevenths interest in and to the lands, and on May 22, 1922, Morris and his wife conveyed to Bragdon and Anicker a two-sevenths interest in and to the mineral rights.

The court rendered judgment in favor of plaintiffs, quieting title of the fee in T. F. Harrison, and the oil, gas and mineral rights in Harry H. Rogers, and defendants appeal, and present their cause on three propositions, to wit:

"(1) Paro Johnson only inherited one-third of Hannah's estate, and upon the death of any of the children, unmarried and without issue, their uninherited interest goes to the surviving children to the exclusion of the father."

"(2) The proceedings show on their face that no notice was given to the next of kin or prospective heirs of the minors."

"(3) That if the probate proceedings are held to be valid, the sale was insufficient to convey more than a 2/21st interest of the three minors' estate."

It appears that when the guardian, Harrison, petitioned to sell the real estate of his wards, Paro Johnson was the custodian of his four minor children then living, and he joined in the petition, he being the guardian of the other two minors. The orders of confirmation and the deeds in both guardianship cases confirmed and conveyed "all the interests" of the minors in and to these lands, to the respective purchasers.

Under these guardians' deeds the purchasers entered into possession of the lands, and they or their grantees have been continuously in open, adverse, and peaceful possession of the land since 1914, and were so in possession when Brewner secured the quitclaim deeds from Emmett and Leora Johnson. This action to quiet title in plaintiffs was filed August 31, 1923, and on January 3, 1924, defendants Bragdon and Anicker filed their answer and cross-petition, deraigning title through the quitclaim deed from Brewner, and praying cancellation of the guardian's deeds and for quieting title in defendants.

On January 28, 1924, defendant Morris filed his answer and cross-petition, deraigning title through warranty deed from Bragdon and Anicker and praying cancellation of the guardian's deeds. Thus, in January, 1924, was the first time defendants made claim to ownership of the lands. To these answers and cross-petitions, plaintiffs filed replies, and, among other defenses, pleaded the statute of limitations and champerty. In the journal entry of judgment, the court does not appear to have passed directly upon the question of the statute of limitations or champerty, notwithstanding they are the pivotal questions in this case. None of the heirs of Hannah Johnson, or of the deceased children of Hannah Johnson, are parties to this action, and are not claiming any interest in the lands.

Section 2260. Rev. Laws 1910, in force and effect when Brewner obtained the quitclaim deeds, provides as follows:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey and pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits

thereof for the space of one year before such grant, conveyance, sale or promise or covenant made, is guilty of a misdemeanor."

Section 1679, C. O. S. 1921, is identified with section 2260, R. L. 1910, with the exception of the following proviso:

"Provided, however, that the provisions of this section shall not be construed to be a restriction or limitation upon the sales of Indian lands by the allottees or heirs of such allottees of their inherited interest in said lands."

While this proviso is not applicable to the facts in the instant case, this court has passed upon every phase of the statutes.

In Sanders et al. v. Leforce et al., 93 Okla. 128, 219 Pac. 925, this court said:

"The proof discloses that J. G. Sanders and the grantors had never been in possession of the property, and the property had been adversely held by the defendants since March 4, 1910. The plaintiffs contend that the champerty statute does not apply to their deed for the reason that the land in question is the allotment of a member of the Five Civilized Tribes. The exception made by section 1679, C. O. S. 1921, relates to allottees and the heirs of allottees. The plaintiffs seek to read the land into the exception. The statute does not go so far, and it is immaterial in this case whether the lands were formerly the allotment of a member of the Five Civilized Tribes, or a portion of the public domain. It is sufficient that J. G. Sanders was not an allottee or an heir of an allottee. Canfield v. Jack, 78 Okla. 127, 188 Pac. 1040.

"Therefore the deed under which S. R. Lewis claims from J. G. Sanders bearing date of September 23, 1919, is champertous and void. Larney v. Aldridge, 31 Okla. 447, 122 Pac. 151; Johnson v. Myers, 32 Okla. 421, 122 Pac. 713; Chilton v. Dietrich, 46 Okla. 718, 148 Pac. 1045; Coblentz v. Ives, 52 Okla. 44, 152 Pac. 584."

Again in International Land Company et al. v. Smith, 103 Okla. 101, 229 Pac. 601, this court passed upon the identical question, and further said:

"* * * And the deed is made to a stranger to the title, not in possession, such deed is made in contravention of section 1679, Comp. Stat. 1921, and in contravention of the rights of the record owner in possession, and is champertous and void as against such record owner in possession." Citing: Powers v. Van Dyke, 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; Martin v. Cox et al., 31 Okla. 543, 122 Pac 511; Harjo v. Owensby, 66 Okla. 315, 169 Pac. 875; Lackey v. Wagner, 89 Okla. 48, 213 Pac. 742.

Section 4655, R. L. 1910 (section 183, C. O. S. 1921), provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter."

"Second: An action for the recovery of real property sold by executors, administrators, or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

The guardian's deeds having been recorded in April, 1914, no action could be maintained therein after April, 1919, but section 4656, R. L. 1910 (184, C. O. S. 1921), provides:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

Emmett Johnson having the disability of minority removed February 15, 1917, any action by him for the recovery of this property was not maintainable after February 15, 1919, and Leora Johnson could not maintain an action after May 20, 1922, she having attained her majority on May 20, 1920. However, neither of these parties brought an action after the removal of their disabilities, and they are not parties to this action, and have no interest in the result thereof. They simply conveyed by quitclaim deed such interest as they might have had, and as they had no interest and did not warrant title, they cannot be affected by the result.

The provisions of statute are personal to the parties therein mentioned, and are not extended to the assigns or grantees of such persons whose disabilities have been removed. This action having been filed in August, 1923, and the defendants never claiming any interest in the lands until they filed their cross-petitions in January, 1924, their claims were clearly barred by the statute of limitations.

In Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, Hannah Middleton was a daughter of the deceased. The trial court found the county court was without jurisdiction for that the heirs were residents of Kingfisher county, and the proceedings of the probate court were void, and upon appeal this court said:

"Where the grantee went into possession of real estate immediately after the purchase thereof by him, at a void guardian's sale, and such grantee and those claiming under him remained continuously in possession thereof thereafter, and where the action to recover said real estate is not brought by the minor or his guardian within five years after the recording of the deed, nor by the minor within two years after his legal disability is removed, an action by such minor for the recovery of said property is barred by sections 5547, 5549, Comp. Laws 1909."

See Fulp v. Squires, 77 Okla. 224, 187 Pac. 921. See for comparison Glory v. Bagby, 79 Okla. 155, 188 Pac. 881; Wray v. Howard, 79 Okla. 223, 192 Pac. 584.

In Walker v. Hatcher, 109 Okla. 283, 231 Pac. 88, this court, following the opinions in Dodson v. Middleton, supra, and Fulp v. Squires, supra, said:

"It is not material whether the guardian's deed was valid, voidable or void."

Clearly the relief sought to be obtained by these defendants by their cross-petition was barred by the statute of limitations, and the judgment of the trial court is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. p. 255, §45. (2) 37 C. J. p. 985 §370. (3) 37 C. J. p. 1034 §442.