## SLYMAN v. ALEXANDER.

No. 17756.    Opinion Filed Sept .13, 1927.

(Syllabus.)

1. **Estoppel—Estoppel to Set up Written Dismissal by Prevailing Party Where not Filed and Losing Party Proceeded with Appeal.**

Where the defendant, immediately after judgment is rendered against him in the district court, secures from the plaintiff what purports to be a dismissal of said cause, but said instrument is never filed in the district court and the defendant perfects his appeal from said judgment, which is contested by the plaintiff, held, the defendant waived his rights under said instrument and is estopped to afterwards set it up against the plaintiff.

2. **Champerty and Maintenance—Deed by One not in Possession.**

A conveyance of real property in the adverse possession of another, where the grantor has not been in possession within a year and has not within that time taken the rents and profits, is void as against the person in possession though good as between the parties.

3. **Same—Right of Action in Grantor for Benefit of Grantee in Champertous Deed Against Adverse Possessor.**

The grantor in a deed, champertous because made in violation of section 1679, C. O. S. 1921, has such interest in the land conveyed as will enable him to maintain an action to recover such land for the benefit of his grantee against those in adverse possession at the time of making such deed and at the time of bringing the action.

4. **Estoppel—Good Faith Required of One Seeking Benefit.**

An estoppel is never allowed to be used as an instrument of fraud, but only to prevent injustice and it is, therefore, essential that the party claiming the benefit of an estoppel must have proceeded in good faith.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action to quiet title by Clara Alberty (now Alexander), for herself and for the use and benefit of M. F. Steil, against Ruth McMurrough and Deeb Slyman. Judgment for plaintiff, and defendant Deeb Slyman appeals. Affirmed.

Cheatham & Beaver and Lydick & McPherren, for plaintiff in error.

John C. Graves and Watts & Broaddus, for defendant in error.

MASON, V. C. J. This is the second appeal of this cause. Clara Alberty, a Creek freedman, was the allottee and owner of certain lands on August 21, 1919, when one Deeb Slyman secured a deed purporting to have been executed by Clara Alberty, conveying said lands to him. He placed the deed of record and went into possession of said lands, and some time thereafter he conveyed the same to one Ruth McMurrough. Thereafter, Clara Alberty commenced this action to quiet the title to said lands in her. The defendant filed answer. Upon trial of the cause, the court ruled that the burden of proof was on the defendant, and after she had introduced all her proof the court sustained plaintiff's demurrer thereto and instructed a verdict and rendered judgment in favor of the plaintiff, from which the defendant appealed.

The day following the rendition of said judgment by the district court, Deeb Slyman took a quitclaim deed from Ruth McMurrough conveying said lands back to him and he refunded the consideration she had paid. This deed, however, was not placed of record until after the appeal had been decided by this court. After the judgment in the lower court and after Deeb Slyman had obtained the deed just referred to from Ruth McMurrough, but before the appeal had been lodged in the Supreme Court, Deeb Slyman secured from Clara Alberty a written instrument which was acknowledged before a notary public wherein she stated, under oath, that she was the person who executed and acknowledged a warranty deed dated August 21, 1919, conveying to Deeb Slyman the lands involved herein. Said instrument further provided: "I now disavow and dismiss the proceedings pending in the district court of Creek county, Oklahoma, in the case of Clara Alberty v. Ruth McMurrough et al." Thereafter, and while Deeb Slyman was in possession of the property, Clara Alberty executed a deed to one B. F. Sullivan, who in turn conveyed it to M. F. Steil. At about the same time, Ruth McMurrough executed a deed to one A. L. Harris, who in turn conveyed it to M. F. Steil. Neither Harris nor Sullivan was ever in possession of the premises, nor did they ever receive any rents or profits therefrom.

The judgment of the trial court on appeal was reversed for the reason that the plaintiff, in the trial of the cause, had not established the fact of her possession of said land or her chain of title. See McMurrough v. Alberty, 90 Okla. 4, 215 Pac. 193.

After the mandate of this court had been spread of record in the trial court, an amended petition was filed in which Clara Alberty appeared for herself and for the benefit of M. F. Steil, and both Ruth McMurrough and Deeb Slyman were made defendants. The defendant McMurrough made default, but Deeb Slyman filed answer. Upon trial of the case, judgment was rendered decreeing M. F. Steil to be the owner of said premises and entitled to the immediate possession thereof and quieting title to said premises in him. Judgment for $2,100 for rents and profits was also rendered. The defendant Deeb Slyman has duly perfected his appeal to this court. For convenience, the parties will be referred to herein as they appeared in the trial court.

For reversal it is first insisted that Clara Alberty dismissed the action pending in the district court before the first appeal was filed in the Supreme Court and that, therefore, there was no case pending when she attempted to file her amended petition on behalf of herself and M. F. Steil.

We entertain considerable doubt as to whether or not the instrument relied upon was sufficient to constitute a motion to dismiss plaintiff's case, and the record discloses that it certainly was not so considered at the time it was executed. It was never filed of record in the district court. After it was executed, the defendant went ahead and filed her appeal in this court, where it was contested by both parties. A party may waive a right by conduct or acts which indicate an intention to relinquish it, or by such failure to insist upon it that the party is estopped to afterwards set it up against his adversary. Scott et al. v. Signal Oil Co., 35 Okla. 172, 128 Pac. 694.

In Citizens Bank of Millerton v. Beeson et al., 104 Okla. 293, 231 Pac. 844, this court held:

"Where a person has with knowledge of facts acted or conducted himself in a particular manner or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim, or conduct to the prejudice of another who has acted thereon."

Conceding that said instrument was sufficient to form the basis of a dismissal of said action, yet we are forced to the conclusion that the right to dismiss was waived by said conduct and acts which indicated an intention to relinquish it, and the de-

fendant is estopped from enforcing its provisions at this time.

It is next urged that the judgment of the lower court is contrary to law for the reason that it renders judgment in favor of M. F. Steil, whereas the deeds under which he holds are champertous and void.

In discussing this proposition, we may concede, without deciding, that at the time of the execution and delivery of the deed from Clara Alexander, nee Alberty, to B. F. Sullivan and the deed from B. F. Sullivan to M. F. Steil, said grantors were not in possession of said real estate and they had not taken the rents and profits thereof for a period of more than one year before the making and delivery of said deeds, and that the defendant, Deeb Slyman, was in the adverse possession of said premises. Said deeds, therefore, were champertous and void as to the defendant Slyman. See sections 1678 and 1679, C. O. S. 1921; Larney v. Aldridge, 31 Okla. 447, 122 Pac. 151; Johnson v. Myers, 32 Okla. 421, 122 Pac. 713; Chilton v. Dietrich, 46 Okla. 718, 148 Pac. 1045; Coblentz v. Ives, 52 Okla. 44, 152 Pac. 584. But they were good and valid as between the parties—that is, as between Clara Alberty, B. F. Sullivan, and M. F. Steil. Brady v. McCrory, 108 Okla. 40, 233 Pac. 734, and cases therein cited.

A grantor not in possession, however, may prosecute an action for the benefit of his grantee, or the grantee may prosecute the action in the name of his grantor, or may associate himself with his grantor in the action. Brady v. McCrory, supra; Gannon v. Johnston et al., 40 Okla. 695, 140 Pac. 430; Harjo v. Owensby, 66 Okla. 315, 169 Pac. 875; Buell v. U-Par-Har-Har et al., 60 Okla. 79, 159 Pac. 507.

Counsel in the case at bar no doubt had the foregoing rules in mind when the amended petition was filed, wherein the plaintiff was Clara Alexander, nee Alberty, for herself and for the use and benefit of M. F. Steil, the grantee of her grantee.

Under the verdict of the jury, by which we are bound as to questions of fact, the defendant's title rested on a forged deed. The deeds of Sullivan and Steil being champertous and void as to Slyman, and Slyman's title being based on a forged deed, judgment for Clara Alexander, nee Alberty, for the use and benefit of M. F. Steil, was proper. But the deeds between Clara Alberty and Sullivan and between Sullivan and Steil being valid as between those parties, a judgment in favor of Clara Alexander, nee Alberty, would inure to the benefit of M. F. Steil.

From the foregoing, we must also conclude that there was no error in the action of the trial court in denying the motion of defendant to dismiss the action as to M. F. Steil, nor in denying defendant's motion to dismiss the action as to Clara Alberty.

Most of the evidence of the plaintiff was introduced for the purpose of establishing the fact that Clara Alberty was not the person who signed the original deed to Deeb Slyman and that said deed was a forgery, which the trial court found as a matter of fact. The defendant contends, however, that the plaintiff was estopped to deny the execution and validity of said deed by reason of the instrument heretofore referred to, which was executed on the day following the first trial and in which Clara Alberty admitted that she was the person who had signed and executed said deed.

The evidence in this case, by which we are bound, discloses that at the time said instrument was signed the plaintiff informed Slyman to the contrary, but that he insisted on her signing it and stated: "That won't hurt nothing" The defendant states that he paid the plaintiff $150 for executing said instrument, but he was not misled by the statements contained in the instrument, nor did he part with said consideration in reliance thereon. In fact, it appears that he paid the consideration to get Clara Alberty to sign said dismissal, which included a false statement upon which he did not rely.

An estoppel in pais is never allowed to be used as an instrument of fraud, but only to prevent injustice, and it is, therefore, essential that the party claiming the benefit of estoppel must have proceeded in good faith. Williams v. Purcell, 45 Okla. 489, 145 Pac. 1151. Section 3536, C. O. S. 1921, defines good faith as follows:

"Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious."

The defendant in the instant case fails to bring himself within this rule. In addition to this, all the elements of an "equitable estoppel" are not present. The essential elements of an "equitable estoppel" are: First, there must be a false representation or concealment of facts. Second, it must have been made with knowledge, actual or

constructive, of the real facts. Third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts. Fourth, it must have been made with the intention that it should be acted upon. Fifth, the party to whom it was made must have relied on or acted upon it to his prejudice. The representation or concealment, mentioned, may arise from silence of a party under imperative duty to speak; and the intention that the representation or concealment be acted upon may be inferred from circumstances. Texas Company et al. v. Pettit et al., 107 Okla. 243, 220 Pac. 956.

In the instant case, there was no concealment of facts; the defendant was not without knowledge of the real facts; he did not rely or act thereon to his prejudice, He, therefore, was not in a position to rely upon an estoppel.

We do not deem it necessary to discuss the other assignments of error, as they are controlled by the disposition of the other questions herein.

Finding no reversible error, the judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 18 C. J. p. 1179, §83 (Anno). (2) 11 C. J. p. 255, §45; p. 274, §108. (3) 11 C. J. p. 277, §118. (4) 21 C. J. p. 1138, §137.